# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WHEELER PEAK, LLC
an Illinois limited liability company,

       Plaintiff,

vs.                                                                                    No. CIV 07-1117 JB/WDS

LCI2, INC., a New Mexico Corporation,

       Defendant.

LCI2, INC., a New Mexico Corporation,

       Counter Claimant,

vs.

WHEELER PEAK, LLC, an Illinois
limited liability company, KMG, Inc.
an Illinois Corporation, and Keith Giles, an individual,

       Counter Defendants.

LCI2, INC., a New Mexico Corporation,

       Third-Party Plaintiff,

vs.

Donner Plumbing and Heating, Inc.;
JC Constructors, Inc., and de la
Torre Architects, P.A., A.I.A.,

       Third-Party Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

      **THIS MATTER** comes before the Court on the Motion to Dismiss Third-Party Complaint,

filed March 14, 2008 (Doc. 17).  The Court held a hearing on April 29, 2008.  The primary issue is

whether the well-pled allegations of the Third-Party Complaint against Third-Party Defendant de la Torre Architects, P.A., A.I.A., state a cause of action for which the Court can grant relief. Because the Court concludes that most of the allegations against de la Torre Architects constitute legal conclusions and conclusory factual allegations, the Court will grant the motion to dismiss in part, but will not dismiss the Third-Party Complaint with prejudice. The Court will allow Defendant LCI2 leave to file an amended Third-Party Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

This litigation relates to three condominium buildings in Taos Ski Valley, New Mexico, that de la Torre Architects designed. See Third Party Complaint for Damages for Indemnity; Declaratory Relief; Equitable Indemnity and Contribution Against Donner Plumbing and Heating, Inc. ¶ 4, at 13, filed January 15, 2008 (Doc. 5)("Third Party Complaint"); Third Party Plaintiff LCI2, Inc.'s Opposition to Third Party Defendant, de la Torre Architects Motion to Dismiss at 2, filed April 2, 2008 (Doc. 21)("Response in Opposition"). On November 6, 2007, Plaintiff Wheeler Peak, LLC filed a Complaint alleging that, on November 29, 2004, Wheeler Peak and LCI2 entered into a contract for the construction of the first three buildings of the Wheeler Peak Condominium Project. See Complaint for Breach of Contract, Breach of Warranty, Negligence and Unfair Practices ¶ 6, at 2, filed November 6, 2007 (Doc. 1)("Complaint"). Specifically, Wheeler Peak alleges Breach of Contract, Breach of Warranty, Negligence and Unfair Practices against LCI2. See Complaint at 1. The allegations in Wheeler Peak's Complaint against LCI2 do not aver that LCI2 is liable for any "faulty design" by de la Torre.

On January 15, 2008, LCI2 filed a Third-Party Complaint against several Third-Party Defendants including de la Torre Architects. See Third Party Complaint ¶¶ 3, 4 at 13. In LCI2's

Third-Party Complaint, it alleges that "LCI2 is informed and believes and on that basis alleges that de la Torre was hired by Wheeler Peak to design the Wheeler Peak Condominium Project." Id. at ¶ 4.  The Third-Party Complaint alleges claims against de la Torre Architects and the other Third-Party Defendants for indemnity, comparative indemnity, declaratory relief, equitable indemnity and contribution.  See Third Party Complaint at 12.

The Third-Party Complaint filed against de la Torre Architects contains general factual allegations from paragraph 1 through 17.  See id. ¶¶ 1-17, at 13-15.  The only substantive factual allegation raised against de la Torre Architects is found at paragraph 4 of the Third-Party Complaint, where LCI2 alleges that "de la Torre was hired by Wheeler Peak to design the Wheeler Peak condominium project."  Id. ¶ 4, at 13.  While there are specific factual allegations related to other Third-Party Defendants -- Donner Plumbing, Inc. and JC Constructors -- there are no specific allegations of what de la Torre Architects did wrong that caused this incident.

At paragraph 15, LCI2 alleges that it "is informed and believes and thereon alleges that to the extent Plaintiff is found damaged, it is a result of the Third-Party Defendants', and each of their own breach(es) of implied warranties."  Third-Party Complaint ¶ 15, at 15.  LCI2 does not provide any facts to support this conclusory allegation nor does it explain how it can maintain a contract-based claim -- breach of implied warranty -- against a party with whom it had no contract.

Similarly, paragraph 17 alleges that "LCI2 is informed and believes and thereon alleges that to the extent that Plaintiff is found damaged, it is a result of Third-Party Defendants', and each of their, own acts of negligence." Third Party Complaint ¶ 17, at 15. This allegation is another conclusory assertion based only on the fact that Wheeler Peak hired de la Torre to design the Wheeler Peak Condominium Project.

On March 14, 2008, de la Torre filed a Motion to Dismiss Third Party Complaint.  <u>See</u> Motion to Dismiss Third Party Complaint, filed March 14, 2008 (Doc. 17)("Motion to Dismiss").  De la Torre also filed a brief in support of it Motion to Dismiss.  <u>See</u> Brief in Support of Motion to Dismiss Third Party Complaint, filed March 14, 2008 (Doc. 18)("Motion to Dismiss Memo.").  De la Torre Architects moves the Court, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Third-Party Complaint that LCI2 filed against de la Torre Architects.  <u>See</u> Motion to Dismiss at 1-2.  De la Torre Architects argues that the Third-Party Complaint is factually groundless and that the Court should, pursuant to applicable law, dismiss the Third-Party Complaint with prejudice.  <u>See</u> Motion to Dismiss at 2. De la Torre argues that the conclusory allegations raised in the Third-Party Complaint are insufficient to survive its motion to dismiss.  <u>See</u> Motion to Dismiss Memo. at 2.  Specifically, de la Torre Architects contends that it had no contract or agreement with LCI2, but rather Wheeler Peak hired the architects to design the Wheeler Peak Condominium Project.  <u>See</u> <u>id.</u> at 2. Furthermore, de la Torre Architects notes that, unlike all of the other Third-Party Defendants, it was neither a subcontractor nor employee of LCI2, but nonetheless was lumped in with the other Third-Party Defendants in LCI2's conclusory allegations.  <u>See</u> <u>id.</u> at 2-3.  De la Torre Architects states that LCI2's conclusory allegations against it are unsupported by any facts and thus without a basis under rule 11 of the Federal Rules of Civil Procedure.  <u>See</u> <u>id.</u> at 3.  Ultimately, de la Torre Architects states that the Third-Party Complaint against it is factually groundless and that there are no well-pleaded facts which justify keeping de la Torre Architects in the lawsuit.  <u>See</u> Motion to Dismiss Memo. at 4.

On April 2, 2008, LCI2 filed a response in which it asserted that, as a direct and proximate result of de la Torre Architects' faulty design, the three buildings suffered fire damage, water

damage, and freezing damage.  See Third Party Plaintiff LCI2, Inc.'s, Opposition to Third Party Defendant, de la Torre Architects Motion to Dismiss at 2, filed April 2, 2008 (Doc. 21)("Response"). Second, LCI2 states that de la Torre Architects' failure to provide a timely design for the pump house delayed the completion of the project by months.  See id.  Finally, LCI2 alleges that, as a proximate result of de la Torre Architects' failure to meet with the municipality to ensure that its plans for the project conformed to the local standards and codes, additional delays and damages were incurred, for which Wheeler Peak is contending LCI2 is liable.  See id.  LCI2 also stated that the fact that LCI2 is not in privity of contract with de la Torre Architects is not grounds to dismiss its action against de la Torre Architects.  See id.

On April 8, 2008 de la Torre Architects filed a reply in support of its Motion to Dismiss.  See Third Party Defendant de la Torre Architects, P.C., A.I.A.'s Reply in Support of its Motion to Dismiss Third Party Complaint, filed April 8, 2008 (Doc. 22)("Reply").  In its Reply, de la Torre Architects argued that LCI2's Response in Opposition to its Motion to Dismiss did not cite to any facts set forth in the Third-Party Complaint that support a cause of action against de la Torre Architects and thus has not set forth a factual basis which would justify keeping de la Torre Architects in the lawsuit.  See id. at 2.

On April 29, 2008, the day of the hearing, LCI2 filed a motion for leave to amend its Third Party Complaint against de la Torre Architects.  See LCI2 Inc.'s Motion for Leave to Amend Third Party Complaint Against de la Torre Architects, P.A., A.I.A., filed April 29, 2008 (Doc. 31)("Motion for Leave").  At the April 29, 2008 hearing, LCI2 contended that de la Torre Architects' design flaws, and not any actions or negligence of LCI2, caused the damages to Wheeler

Peak.  <u>See</u> Transcript of Hearing (taken April 29, 2008)("Tr.") at 10:11-13 (Boothby).[1]  In questioning de la Torre Architects' counsel, the Court stated: "[I]t seemed to me that you in your response and now by filing a motion[,] recognize that your original Third-Party Complaint[,] at least as to de la Torre architects[,] is deficient. Is that pretty much the concession?"  Tr. at 10:16-19 (Court).  In response, de la Torre Architects' counsel stated: "Yes, Your Honor and in reading the case law I would agree . . . We needed more factual basis." <u>Id.</u> at 10:20-23 (Boothby).

## LAW REGARDING THE STANDARD FOR DECIDING A MOTION TO DISMISS

Under rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." <u>Mobley v. McCormick</u>, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering and addressing a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. <u>See</u> <u>Moore v. Guthrie</u>, 438 F.3d 1036, 1039 (10th Cir. 2006); <u>Hous. Auth. of Kaw Tribe v. City of Ponca City</u>, 952 F.2d 1183, 1187 (10th Cir. 1991).

A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's obligation to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007). "Factual allegations

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citation

omitted). "[T]he Supreme Court recently . . . prescribed a new inquiry for us to use in reviewing a

dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on

its face.'" Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting

Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1967, 1969). "The [United States Supreme] Court

explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in

order to survive a motion to dismiss." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177

(quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1974)(alterations omitted).   "Thus, the mere

metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded

claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a

reasonable likelihood of mustering factual support for these claims."  Ridge at Red Hawk, L.L.C.

v. Schneider, 493 F.3d at 1177.   The Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a
> complaint: if they are so general that they encompass a wide swath of conduct, much
> of it innocent, then the plaintiffs "have not nudged their claims across the line from
> conceivable to plausible."  The allegations must be enough that, if assumed to be
> true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly,

127 S Ct. at 1974)(internal citations omitted).

> This requirement of plausibility serves not only to weed out claims that do not (in the
> absence of additional allegations) have a reasonable prospect of success, but also to
> inform the defendants of the actual grounds of the claim against them.  "Without
> some factual allegation in the complaint, it is hard to see how a claimant could
> satisfy the requirement of providing not only 'fair notice' of the nature of the claim,
> but also 'grounds' on which the claim rests."  [Bell Atl. Corp. v. Twombly, 127
> S.Ct.] at 1965 n. 3.  See Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C.,
> 499 F.3d 663, 667 (7th Cir. 2007) ("[A]t some point the factual detail in a complaint

> may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."). The <u>Twombly</u> Court was particularly critical of complaints that "mentioned no specific time, place, or person involved in the alleged conspiracies." 127 S. Ct. at 1971 n. 10. Given such a complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin." <u>Id.</u>

<u>Robbins v. Oklahoma</u>, 519 F.3d at 1248.

In determining the sufficiency of a complaint, all well-pleaded factual allegations are to be taken as true. <u>See</u> <u>Timpanogos Tribe v. Conway</u>, 286 F.3d 1195, 1204 (l0th Cir. 2002). "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." <u>Hall v. Belman</u>, 935 F.2d 1106, 1110 (l0th Cir. 1991). "Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." <u>Id.</u> Only well-pleaded facts, as distinguished from conclusory allegations, are admitted when considering a motion to dismiss for failure to state a claim upon which relief can be granted. <u>See</u> <u>Smith v. Plati</u>, 258 F.3d 1167, 1174 (10th Cir. 2001).

## <u>LAW REGARDING CLAIMS AGAINST ARCHITECTS</u>

LCI2 states that it was unable to find New Mexico case law on point. <u>See</u> Response in Opposition at 2. The Court, through its independent research, has found several cases that provide some insight and guidance on claims against architects. Additionally, there are analogous cases from other jurisdictions that provide guidance on claims against architects without privity of contract.

In <u>State of New Mexico, ex. rel, Risk Management Division Department of Finance & Administration v. Gathman-Matotan Architects and Planners, Inc.</u>, 98 N.M. 790, 653 P.2d 166 (Ct. App. 1982), the New Mexico Court of Appeals addressed whether New Mexico recognizes a cause

of action against an architect for breach of an implied warranty to furnish plans and specifications adequate for a specified purpose.  See id. at 792, 653 P.2d at 168.  In State of New Mexico, ex. rel, Risk Management Division Department of Finance & Administration v. Gathman-Matotan Architects and Planners, Inc., the state parties wished to use an implied warranty of the sufficiency of plans and specifications against the architects, which would not entail a showing that the architects were negligent in performing their work, but only that the design or specifications for the central control area were not fit for their intended purpose.  See id.  The architects contracted with the New Mexico Department of Finance for architectural services but was sued by other state parties.  See id. at 792, 653 P.2d at 168.  The New Mexico Court of Appeals stated that New Mexico has recognized an implied warranty to use reasonable skill under contract law.  See id. at 792,  653 P.2d at 168.  The New Mexico Court of Appeals stated:

> Traditionally, architects, along with other professionals . . . do not promise a certain result.  The professional is usually employed to exercise the customary or reasonable skills of his profession for a particular job.  He "warranties" his work only to the extent that he will use the skill customarily demanded of his profession.  The fact that New Mexico courts have imposed such a "warranty" does not lead inexorably to the conclusion . . . that we should recognize other implied warranties under professional service contracts, such as a warranty of sufficiency of plans and specifications.

Id. at 793, 653 P.2d at 169.  The New Mexico Court of Appeals stated: "We do not extend the concept of implied warranty . . . to professional services."  Id. at 794, 653 P.2d at 170.  The New Mexico Court of Appeals also stated that providing negligent services does not form the basis for an action in strict tort liability.  See id.  The New Mexico Court of Appeals held that the existing implied warranty to use reasonable skill gives an action under contract for negligent services, with the requisite proof of lack of reasonable or customary skill.  See id.  Ultimately the New Mexico Court of Appeals upheld the dismissal of the state parties' causes of action against the architects for

breach of implied warranty of the sufficiency of their plans and specifications.  See id.

New Mexico recognizes breach of contract claims against design professionals.  See Adobe Masters, Inc. v. Downey, 118 N.M. 547, 548, 883 P.2d 133, 134 (1994).  In Stotlar v. Hester, 92 N.M. 26, 582 P.2d 403 (Ct.App. 1978), however, the New Mexico Court of Appeals stated "'the great weight of authority no longer recognizes privity of contract as having a place in tort law' and that privity of contract is 'no longer . . . recognized as a factor when considering liability on a negligence theory.'"  Id. at 28, 582 P.2d at 405 (non-architect case)(quoting  Steinberg v. Coda Roberson Constr. Co., 79 N.M. 123, 440 P.2d 798 (1968))(non-architect case).

In United States for Use and Benefit of Los Angeles Testing Laboratory v. Rogers & Rogers, 161 F.Supp. 132, 135 (S.D.Cal. 1958), the prime contractor brought a counterclaim against the architect because of the architect's negligent supervision of ensuring conformity to the plan's specifications.  See id.  The architect' s negligence caused economic damages to the prime contractor. The architect argued that the court should dismiss the prime contractor' s action against the architect because there was no privity of contract.  See id.

The United States District Court for the Southern District of California in United States for Use and Benefit of Los Angeles Testing Laboratory v. Rogers & Rogers disagreed with the architect's position. See id.  In so holding, the district court recognized that "[t]he California courts no longer follow the old common law rule that privity of contract must exist in order for negligent performance of a contractual duty to give rise to liability for damages to an intangible economic interest." Id. (citing  Biakanja v. Irving, Cal., 320 P.2d 16, 18 (1958)).

> "The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the

plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm."

United States for Use and Benefit of Los Angeles Testing Laboratory v. Rogers & Rogers, 161

F.Supp. at 135 (quoting Biakanja v. Irvmg. 320 P.2d at 19). In conclusion, the district court stated:

Considerations of reason and policy impel the conclusion that the position and authority of a supervising architect are such that he ought to labor under a duty to the prime contractor to supervise the project with due care under the circumstances, even though his sole contractual relationship is with the owner

Id. at 135-36. Furthermore, in support of its decision to hold the architect liable, the district court

stated:

Altogether too much control over the contractor necessarily rests in the hands of the supervising architect for him not to be placed under a duty imposed by law to perform without negligence his functions as they affect the contractor. The power of the architect to stop the work alone is tantamount to a power of economic life or death over the contractor. It is only just that such authority, exercised in such a relationship, carry commensurate legal responsibility.

Id. at 136.

In Davidson and Jones, Inc. v. New Hanover County, 255 S.E.2d 580 (N.C.App. 1979), the

court addressed whether in the absence of privity of contract an architect may be held liable to a

general contractor and his subcontractors for economic loss resulting from breach of a common law

duty of care. See id. at 583-84.  The court stated:

The duty to exercise due care may arise out of contractual relations. However, a complete binding contract between the parties is not a prerequisite to a duty to use due care in one's actions in connection with an economic relationship, nor is it a prerequisite to suit by a contractor against an architect.

Id. at 584.  Additionally, the Court notes that other courts have allowed actions against architects

with whom the plaintiff had no privity.  See S.K. Whitty & Co., Inc. v. Lawrence L. Lambert &

Assocs., 576 So.2d 599, 601 (La.App. 4th Cir. 1991)(finding that there is a cause of action to

recover for preconstruction negligence by those responsible for design of the project); Standard Roofing Co. v. Elliot Const. Co., Inc., 535 So.2d 870, 879 (La.App. 1st Cir. 1988)(recognizing that a project architect may be subject to tort action by subcontractor that is not in privity, if there is breach of duty owed independently of contract between owner and architect); Prichard Bros., Inc. v. Grady Co., 428 N.W.2d 391, 391-92 (Minn. 1988)(recognizing a claim by a general contractor against an architect for the architect's negligently performing architectural services on the project although there was no contractual relationship between these parties).

## LAW REGARDING AMENDMENT OF PLEADINGS

"Federal Rule of Civil Procedure 15(a) states that leave to amend 'shall be freely given when justice so requires.'" B.T. ex rel. G.T. v. Santa Fe Pub. Sch., No. CIV-05-1165 JB/RLP, 2007 WL 1306814 at * 2 (D.N.M. March 12, 2007)(Browning, J.)(quoting  Fed. R. Civ. P. 15(a)).   In accordance with rule 15(a), leave to amend should be granted absent a legitimate reason, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). The United States Court of Appeals for the Tenth Circuit has emphasized that "[t]he purpose of [rule 15(a)] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006)(quoting Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)).

## ANALYSIS

Other than the allegation in paragraph 4, there are no other well-pled facts that are adequate to allow the Third-Party Complaint against de la Torre Architects to survive a motion to dismiss.

-12-

All the remaining allegations against de la Torre Architects are conclusory and are legal conclusions that are inadequate or insufficient to survive a motion to dismiss. The conclusory allegations raised in the Third-Party Complaint are insufficient to survive a motion to dismiss under Tenth Circuit law.

That LCI2 is not in privity of contract with de la Torre Architects is not grounds to dismiss LCI2's action against this Third-Party Defendant. LCI2 has shown, in its briefing, that there may be liability on the part of de la Torre Architects' part. Because LCI2 allegedly constructed the buildings according to de la Torre Architects' plans, it would be unfair to LCI2 to hold LCI2 liable for de la Torre Architects' negligence in its design or in its failure to exercise a reasonable standard of care in the performance of its duties.

Based on the cases that the parties cited and the Court found, it does not appear that the Court should dismiss LCI2's action on some legal grounds. While LCI2 does not provide an explanation how it, the general contractor, can be liable to the owner, Wheeler Peak, for the architect's alleged "faulty design," the Court is not convinced that LCI2 needs to provide such an explanation at this stage of the proceedings. While LCI2 does not provide an explanation in its response how it can be held liable for the work that de la Torre Architects performed, the Court cannot, at this early stage, say that there is no basis to impose liability on LCI2 for the actions of de la Torre Architects. The Court is not in a position, at this stage, to say that LCI2's indemnity claim fails as a matter of law.

The problem for LCI2 is that LCI2 cannot, and does not, cite to facts set forth in the Third-Party Complaint that support its causes of action against de la Torre Architects. Instead, LCI2 relies on facts that are largely, if not entirely, unpled in the Third-Party Complaint. See Third Party Complaint.  The bottom line is that the Third-Party Complaint, as pled, contains an insufficient

factual basis upon which to keep de la Torre Architects in the lawsuit. LCI2 is relying on unpled, general allegations, which lack support by reference to any specific factual basis.

LCI2's Third-Party Complaint, with its conclusory allegations, lumps de la Torre in with the other Third-Party Defendants. The Third-Party Complaint as against de la Torre Architects is mostly conclusory statements of law, conclusory allegations, and unsupported conclusions of mixed fact and law, all of which are not admitted as true under the case law. Under Hall v. Belmont and Smith v. Plati, the Third-Party Complaint does not state a claim upon which the Court can grant relief.

In sum, there are no well-pled facts which justify keeping de la Torre Architects in this lawsuit at this time. The Third-Party Complaint does not have a factual basis set forth in it that justifies keeping de la Torre Architects in the lawsuit.  While de la Torre Architects contends that the Third-Party Complaint, as against it, is factually groundless, the Court cannot, on the pleadings before it, make such a determination.  In conclusion, under the law, the Third-Party Complaint's conclusory allegations are not sufficient to withstand a motion to dismiss.

De la Torre Architects asks the Court to dismiss the Third-Party Complaint, as against it, with prejudice.  See Motion to Dismiss Memo. at 5.  LCI2, however, asks for the Court to allow it to amend its pleadings to bring a negligence claim against de la Torre Architects. See Response in Opposition at 4-5.  While de la Torre Architects does not believe that LCI2 can maintain such a claim against de la Torre Architects, it does not show a legal barrier to such a claim.  Additionally, the Court notes that this is not the proper stage nor motion to resolve such factual issues.  Thus, the Court will give LCI2 leave to amend its Third-Party Complaint against de la Torre Architects to add a cause of action for negligence. With the addition of this cause of action, specific facts, as LCI2 has set forth in its briefing, should be added. These additions should cure any alleged defects in the

-14-

pleadings.

       **IT IS ORDERED** that the Motion to Dismiss Third-Party Complaint is granted in part and denied in part. The Court will grant the motion to dismiss, but will do so without prejudice and with leave to Third-Party Plaintiff LCI2 to amend its complaint to add a cause of action against Third-Party Defendant de la Torre Architects for negligence.

 

_____
UNITED STATES DISTRICT JUDGE

 

*Counsel:*

Charles V. Henry, IV
Holly Hart
Kris Knutson
Scheuer, Yost & Patterson
Santa Fe, New Mexico

     *Attorneys for Plaintiff Wheeler Peak, LLC*

Alan Maestas
Lee Boothby
Maestas Baker Boothby & Warren, P.C.
Taos, New Mexico

     *Attorney for Defendant and Third-Party Plaintiff LCI2, Inc.*

Todd Schwarz
H. Brook Laskey
Bryan Hatherly
Miller Stratvert, P.A.
Albuquerque, New Mexico

    *Attorney for Third-Party Defendant Donner Plumbing and Heating Inc.*

Robert J. Perovich
Keleher & McLeod
Albuquerque, New Mexico

    *Attorneys for Third-Party Defendant de la Torre Architects, P.A., A.I.A.*

Steven L. Gonzales
Barbara Koenig
Silva & Saucedo, P.C.
Albuquerque, New Mexico

    *Attorney for Third-Party Defendant Parker Excavating, Inc.*

Holly Harvey
Robert Collins Law Office
Albuquerque, New Mexico

    *Attorney for Third-Party Defendant JC Constructors, Inc.*