**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WHEELER PEAK, LLC
an Illinois limited liability company,

        Plaintiff,

vs.                                                                                                          No. CIV 07-1117 JB/WDS

L.C.I.2, INC., a New Mexico Corporation,

        Defendant.

L.C.I.2, INC., a New Mexico Corporation,

        Counterclaimant,

vs.

WHEELER PEAK, LLC, an Illinois
limited liability company, KMG, INC.
an Illinois Corporation, and KEITH GILES, an individual,

        Counter-Defendants.

L.C.I.2, INC., a New Mexico Corporation,

        Third-Party Plaintiff,

vs.

DONNER PLUMBING AND HEATING, INC.;
JC CONSTRUCTORS, INC., and DE LA
TORRE ARCHITECTS, P.A., A.I.A.,
Simplex Grinnell, LP, Melissa Deaver-Rivera,
Carl Davis and Lisa Davis, husband and wife,
David Borns, Roy Diklich and Kathy Diklich,
husband and wife, Kent Nix and Angela Nix,
husband and wife, Joseph Forbess and Lisa Forbess,
husband and wife, and Ted Galanthay and Phyllis Galanthay,
husband and wife,

        Third-Party Defendants.

DONNER PLUMBING AND HEATING, INC.

  Third-Party Plaintiff,

vs.

PARKER EXCAVATING, INC.

  Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Third-Party Defendant de la Torre Architects, P.A., A.I.A.'s Motion to Dismiss LCI2, Inc.'s Second Amended Complaint (Doc. 115), filed December 1, 2008 (Doc. 122)("Motion").  The Court held a hearing on February 10, 2009.  The primary issue is whether the Court should dismiss Defendant, Counterclaimant, and Third-Party Plaintiff L.C.I.2's Second Amended Complaint because: (i) the Second Amended Complaint that LCI2 filed is different than the proposed First Amended Complaint that LCI2 submitted to the Court when seeking leave to amend; or (ii) LCI2 has allegedly not given adequate discovery responses about the factual basis for the allegations in the Second Amended Complaint.  Because the Court concludes that it would likely have granted leave to file the Second Amended Complaint had further leave been sought and because dismissal is not an appropriate remedy for either the failure to seek further leave or for the alleged discovery problems, the Court will deny the motion.

## FACTUAL BACKGROUND

Plaintiff and Counter-Defendant Wheeler Peak, LLC engaged LCI2, a general contractor, to construct three condominium buildings in the Kachina Village Subdivision in Taos Ski Valley, New Mexico.  This litigation arises out of that project going sour.  Wheeler Peak alleges that LCI2 failed to substantially complete the three buildings on time, and that construction flaws resulted in significant water and fire damage to the buildings, and other damages to Wheeler Peak.  See

Complaint for Breach of Contract, Breach of Warranty, Negligence and Unfair Practices ¶¶ 6-24, at 2-5, filed November 6, 2007 (Doc. 1). Third-Party Defendant De la Torre Architects, P.A., A.I.A. served as the project's architect under an agreement with Wheeler Peak.

## PROCEDURAL BACKGROUND

After Wheeler Peak sued it, LCI2 impleaded de la Torre, contending that most of the alleged problems with the construction stemmed from de la Torre's allegedly faulty designs. On de la Torre's motion, the Court dismissed the claims against de la Torre, but granted LCI2 leave to amend and instructed LCI2 to file a motion to amend within ten days. See Clerk's Minutes at 2, filed April 29, 2008 (Doc. 33); Memorandum Opinion and Order at 15, entered July 5, 2008 (Doc. 57). LCI2 withdrew an earlier motion for leave to amend that it had filed before the hearing and timely filed a new request for leave to amend pursuant to the Court's order at the hearing, to which it attached a proposed First Amended Complaint. See LCI2's Second Motion for Leave to Amend its Third-Party Complaint at 15-30, filed May 8, 2008 (Doc. 36)("Motion to Amend"). Shortly after the hearing, LCI2 filed a supplement to its motion, stating that documents de la Torre had recently supplied to LCI2 included a contract that might support a claim for contractual indemnification. See LCI2, Inc.'s Supplemental Reply to de la Torre's Opposition to LCI2 Second Motion for Leave to Amend its Third-Party Complaint ¶¶ 1-4, at 2, filed June 16, 2008 (Doc. 54).

Also after the hearing, on July 28, 2008, Don Schieber, a building official for Taos Ski Valley, wrote a letter to Counter-Defendant Keith Giles, who is a principal in Counter-Defendant KMG, Inc., the managing member of Wheeler Peak. See Exhibit B to Motion, Letter from Don Schieber to Keith Giles (dated July 28, 2008)(Doc. 122-2). According to de la Torre, this letter forms the basis of many of the factual allegations found in the Second Amended Complaint. See Motion at 11. It is unclear when LCI2 became aware of the letter.

Depositions of several witnesses and other discovery also took place after the hearing on the Motion to Amend. Chuck Landgraf, LCI2's owner, was deposed on July 17 and 18, 2008, and again on October 8, 2008. See Motion ¶ 9, at 5. Giles was deposed on October 13 and 14, 2008.

On July 29, 2008, de la Torre served its first interrogatories on LCI2. See Motion ¶ 16, at 6. De la Torre granted LCI2 until September 30, 2008 to answer. See id. ¶ 17, at 6. When LCI2 answered, de la Torre asserted that the answers were incomplete and deficient, which prompted a series of exchanges between LCI2 and de la Torre. No motions relating to the alleged deficiencies, other than the one before the Court now, have been filed.

On October 29, 2008, the Court granted the Motion to Amend in part, but did not allow LCI2 to bring certain causes of action. See Memorandum Opinion and Order at 18, entered October 29, 2008 (Doc. 103)("MOO"). On November 13, 2008, LCI2 circulated a draft of its Second Amended Complaint to the parties. See Response ¶ 24, at 8. Only de la Torre took exception to the draft. Counsel for de la Torre and LCI2 talked over the telephone on November 13, 2008, and LCI2 made several modifications to the draft. See id. ¶¶ 26-31, at 8-9. LCI2 sent an e-mail to de la Torre stating that the language in the Second Amended Complaint "mirrors the language in our answer to de la Torre's interrogatories," and that, "[b]ased upon [the] telephone discussion, you understand we will be filing this amended complaint and we understand you will be filing related motions." Exhibit C to Response, E-mail from Samuel L. Winder to various recipients (dated November 13, 2008)(Doc. 133-2). According to LCI2, de la Torre did not respond to the e-mail. See Response ¶ 27, at 9. LCI2 then filed its Second Amended Complaint, which is different from its proposed First Amended Complaint. See Second Amended Third-Party Complaint for Damages for Breach of Contract; Contractual Indemnity; Professional Negligence; Negligent Misrepresentation; Comparative Fault/Negligence; Breach of Implied Warranties; Equitable Indemnity; Indemnity and

Contribution, filed November 19, 2008 (Doc. 115)("Second Amended Complaint").

De la Torre moves to dismiss this most recent Third-Party Complaint against it. De la Torre argues that the Second Amended Complaint is materially different from the proposed First Amended Complaint submitted to the Court and that it adds a number of new allegations based primarily on a letter that was not written until after LCI2 moved to amend. See Motion at 11. De la Torre contends that these additions are unduly prejudicial because of their timing and because depositions will need to be redone. See id. at 12-13. Additionally, de la Torre maintains that LCI2 has failed to adequately respond to discovery requests for the factual basis of the claims in the Second Amended Complaint. See Motion at 13-15. Finally, de la Torre asks that, if the Court does not dismiss the Second Amended Complaint, LCI2's claims be limited to those outlined in the proposed First Amended Complaint submitted to the Court. See Motion at 15-16.

LCI2 counters that it modified its proposed Complaint to create the Second Amended Complaint in an effort to comply with the Court's rulings. See Defendant LCI2, Inc.'s Response to Third-Party Defendant de la Torre Architects, P.A., A.I.A.'s Motion to Dismiss LCI2, Inc.'s Second Amended Complaint (Doc. 115) at 10-12, filed December 12, 2008 (Doc. 133)("Response"). LCI2 also contends that it has complied with its discovery obligations. See id. at 12-14. LCI2 further contends that, if de la Torre found LCI2's responses deficient, it should have moved to compel. See id. at 14-15. According to LCI2, de la Torre has lost the opportunity to file a motion to compel because it failed to timely move to compel and must therefore accept the answers LCI2 has provided. See id.

In reply, de la Torre reiterates its contention that LCI2 has failed to comply with the Court's orders and sprung new allegations on it that were not vetted with the Court. See Third-Party Defendant de la Torre Architects, P.A., A.I.A.'s Reply in Support of its Motion to Dismiss (Doc.

122) at 4-6, filed December 29, 2008 (Doc. 144).  Next, de lat Torre contends that LCI2 misunderstands de la Torre's argument about LCI2's allegedly deficient discovery responses.  De la Torre maintains that the obligation to provide factual support rests with LCI2.  See id. at 6-7.

At the hearing, Robert J. Perovich, de la Torre's counsel, emphasized that his primary concerns with the Second Amended Complaint were that the Court had not had a chance to review that particular document and that LCI2 had failed to identify the facts supporting the new allegations.  See Transcript of Hearing at 29:9-31:6 (Perovich & Court)(taken February 10, 2009, filed March 18, 2009)(Doc. 192)("Tr.").  Samuel L. Winder, LCI2's attorney, stated that he and other counsel for LCI2 had reviewed the Court's opinion on October 29, 2008, as well as its July 5, 2009 opinion, before filing the Second Amended Complaint on November 19, 2008, to make sure that the new Complaint complied with the Court's rulings.  See Transcript of Hearing at 37:25-38:4 (Winder)(taken February 10, 2009, filed March 18, 2009)(Doc. 192).  The Court informed the parties that it probably would have allowed the Second Amended Complaint to be filed if a formal motion for leave to amend had been brought and that it was inclined to deny the Motion.  See Tr. at 48:20-49:21 (Court).

## ANALYSIS

De la Torre advances two arguments why the Court should dismiss the Second Amended Complaint: (i) because the Second Amended Complaint is substantially different than the proposed Complaint LCI2 attached to its motion to amend; and (ii) because LCI2 has allegedly failed to adequately respond to discovery requests for the factual support for its claims.  On the facts presented here, neither argument persuades the Court to dismiss or limit the scope of the Second Amended Complaint.  The Court will therefore deny the Motion.

De la Torre's first argument is that the Court should dismiss the Second Amended Complaint

because it differs substantially from the proposed First Amended Complaint submitted to the Court. While the Court encourages parties to file their amended complaints in the form submitted to the Court -- less any changes necessary as a result of the ruling -- the Court does not believe the situation here warrants dismissal of the Complaint. The new negligence allegations in the Second Amended Complaint are consistent with the Court's ruling, and had leave to amend been sought, the Court likely would have granted it.

The new claims in the Second Amended Complaint which the proposed First Amended Complaint did not contain are a series of allegations of professional negligence. See Motion ¶ 8, at 4. LCI2's proposed First Amended Complaint raised professional negligence as a cause of action, but did not include many of the factual allegations added in the Second Amended Complaint. Apparently, the basis for many of the allegations was a letter dated July 28, 2008, and the new allegations track the language contained in LCI2's responses to de la Torre's interrogatories, which de la Torre received September 30, 2008.

If LCI2 had moved to amend yet again before filing the Second Amended Complaint the Court would likely have allowed it. First, the differences between what was submitted to the Court and what was filed as the Second Amended Complaint are additional factual allegations. In granting LCI2's Motion to Amend the Court held that neither lack of privity of contract, nor the economic-loss rule barred LCI2's claim for professional negligence against de la Torre. See MOO at 14. Additional factual allegations would not have changed the outcome of the original motion. While the Second Amended Complaint was not the document the Court reviewed when granting leave to amend, the Second Amended Complaint is not inconsistent with the Court's ruling.

Second, the new allegations are based upon newly discovered factual information that LCI2 received after it filed its Motion to Amend. "When a plaintiff gained relevant information is an

important factor in determining whether the plaintiff has unduly delayed amendment." Pedroza v. Lomas Auto Mall, Inc., __ F.Supp.2d __, 2009 WL 683704 at *18 (D.N.M.)(Browning, J.)(citing Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994)).  LCI2 acted promptly in revising its Complaint and circulating it to the other parties.  Given that the letter upon which most of the allegations were based was not even written until the end of July, after the hearing on the Motion to Amend, the Court does not believe that there was any undue delay.  Moreover, while de la Torre did not have the Second Amended Complaint when Landgraf was deposed or when Giles was deposed for the second time, de la Torre had the interrogatory answers that are substantially the same as the allegations in the Second Amended Complaint.  Compare Exhibit 1 to Motion, LCI2's Answer to de la Torre's First Interrogatories, Answer No. 2 (Doc. 122-2), with Motion ¶ 8, at 4 (identifying the new allegations that Second Amended Complaint added).  De la Torre might have been displeased with the sufficiency of the responses, but the responses at least outlined the allegations that LCI2 was going to pursue.  Accordingly, it is likely that, if LCI2 had sought leave to amend once more, the Court would have granted leave.

With the likelihood of the Court granting leave to amend in mind, LCI2's only potential failing is in not formally requesting leave to amend once more when it received new information upon which it wished to base new factual allegations.  The Court, however, did not specify that LCI2 had to file the proposed First Amended Complaint it submitted, so this is not a situation of a party disobeying a court order or filing an amended complaint without any leave to amend at all.  Presenting a court with the proposed complaint when seeking leave to amend is important and useful.  As de la Torre argues, it allows courts to review the proposed amendments and prevents unfair surprises.  On the facts here, however, dismissal of the entire Second Amended Complaint or the new allegations strikes the Court as an unduly harsh remedy for what is ultimately, at most,

a good-faith and harmless error.

This situation differs from the facts in <u>Dover Steel Co., Inc. v. Hartford Acc. and Indem. Co.</u>, 151 F.R.D. 570 (E.D.Pa. 1993), upon which de la Torre relies. In that case, the complaint the plaintiff filed made numerous changes to the complaint the plaintiff attached to its motion to amend: the complaint filed "named an additional defendant, added five new counts, expanded the time frame of the action, and injected a number of new theories of liability into the case." <u>Id.</u> ¶ 5, at 573. The changes here are much more modest than those in <u>Dover Steel Co., Inc. v. Hartford Acc. and Indem. Co.</u>, and are principally a series of additional factual allegations to an already approved and pled cause of action.

Relying on the Court's decision in <u>Anaya v. CBS Broadcasting Inc.</u>, 2007 WL 2219458, 2007 U.S. Dist. LEXIS 55676 (D.N.M.)(Browning, J.), de la Torre next contends that LCI2 has failed to provide factual support in discovery for its claims and that the Court should therefore dismiss the claims against it. This reliance on <u>Anaya v. CBS Broadcasting Inc.</u> is misplaced. De la Torre correctly points out that LCI2, "[a]s the party who filed the claims and allegations[,] . . . must provide the factual basis upon which [its] case relies." <u>Id.</u>, 2007 WL 2219458 at *8, 2007 U.S. Dist. LEXIS 55676 at **21-22. This statement, however, is an expression of basic discovery principles. The Court's statement was made in the context of overruling an objection to disclosure of the factual bases of the plaintiff's claims, which the plaintiff had argued was premature. <u>See id.</u> at *9, 2007 U.S. Dist. LEXIS 55676 at **25-26. <u>Anaya v. CBS Broadcasting Inc.</u> provides little support for de la Torre's position that LCI2's allegedly inadequate responses to discovery are grounds for dismissal of the claims against de la Torre.

Instead, if de la Torre is unhappy with the content of LCI2's discovery responses, it should move to compel. Although de la Torre cites rule 37(b) of the Federal Rules of Civil Procedure as

a basis for dismissal of claims as a sanction for discovery violations, that provision allows for a variety of penalties, including dismissal, for failure "to obey an order to permit or provide discovery." Fed. R. Civ. P. 37(b). The Court has not issued any relevant orders to LCI2. If the Court had issued an order that LCI2 was disobeying, then sanctions under rule 37(b) might be appropriate. Going straight to the penalties, without first having a motion to compel and an order, skips over a key step in the discovery process. Following de la Torre's approach would allow for severe penalties to be imposed for discovery disputes without a party first having the opportunity to correct any deficiencies that a judge might find.

In its Reply, de la Torre contends that no motion to compel was necessary because "LCI2 cannot point to any facts in support of its claim of professional negligence or negligent misrepresentation." Reply at 6. "As such," de la Torre argues, "under no set of facts can LCI2 maintain its claims against de la Torre under 12b6." Reply at 6. Dismissal under rule 12(b)(6) for failure to state a claim, however, requires the Court to accept all the factual allegations pled as true. Delving into the underlying factual support for a claim is the provenance of a motion for summary judgment. The Second Amended Complaint contains numerous factual allegations. If de la Torre wants to challenge whether the record supports those allegations, a motion for summary judgment is the proper vehicle. The Court will not effectively grant summary judgment on the basis of a discovery dispute.

**IT IS ORDERED** that Third-Party Defendant de la Torre Architects, P.A., A.I.A.'s Motion to Dismiss is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Donald A. Walcott
Charles V. Henry, IV
Holly Hart
Kris Knutson
Scheuer, Yost & Patterson
Santa Fe, New Mexico

  *Attorneys for Plaintiff and Counter-Defendant Wheeler Peak, LLC*

Alan Maestas
Lee Boothby
Maestas Baker Boothby & Warren, P.C.
Taos, New Mexico

-- and --

Tim L. Fields
Samuel L. Winder
Modrall Sperling Law Firm
Albuquerque, New Mexico

  *Attorneys for Defendant, Counterclaimaint, and Third-Party Plaintiff*
   *L.C.I.2, Inc.*

Todd Schwarz
H. Brook Laskey
Bryan Hatherly
Miller Stratvert, P.A.
Albuquerque, New Mexico

  *Attorneys for Third-Party Defendant Donner Plumbing and Heating Inc.*

Robert J. Perovich
Keleher & McLeod
Albuquerque, New Mexico

  *Attorneys for Third-Party Defendant De La Torre Architects, P.A., A.I.A.*

Steven L. Gonzales
Silva & Saucedo, P.C.
Albuquerque, New Mexico

  *Attorney for Third-Party Defendant Parker Excavating, Inc.*

Robert Bruce Collins
Holly R. Harvey
Law Office of Robert Bruce Collins
Albuquerque, New Mexico

    *Attorneys for Third-Party Defendant JC Constructors, Inc.*

Michael S. Jahner
Yenson, Lynn, Allen & Wosick, P.C.
Albuquerque, New Mexico

-- and --

J. Michael Roberts
Jason R. Scott
Shook Hardy & Bacon LLP
Kansas City, Kansas

    *Attorneys for Third-Party Defendant Simplex Grinnell, LP*

Melissa Deaver-Rivera
Address Unknown

    *Defendant and Third-Party Defendant pro se*

David Born
Carl Davis
Lisa Davis
Kathy Diklich
Roy Diklich
Joseph Forbess
Lisa Forbess
Phyllis Galanthay
Ted Galanthay
Angela Nix
Kent Nix
Addresses Unknown

    *Third-Party Defendants pro se*