**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WHEELER PEAK, LLC
an Illinois limited liability company,

       Plaintiff,

vs.                                                               No. CIV 07-1117 JB/WDS

L.C.I.2, INC., a New Mexico Corporation,

       Defendant.

L.C.I.2, INC., a New Mexico Corporation,

       Counterclaimant,

vs.

WHEELER PEAK, LLC, an Illinois
limited liability company, KMG, INC.
an Illinois Corporation, and KEITH GILES, an individual,

       Counter-Defendants.

L.C.I.2, INC., a New Mexico Corporation,

       Third-Party Plaintiff,

vs.

DONNER PLUMBING AND HEATING, INC.;
JC CONSTRUCTORS, INC., and DE LA
TORRE ARCHITECTS, P.A., A.I.A.,
Simplex Grinnell, LP, Melissa Deaver-Rivera,
Carl Davis and Lisa Davis, husband and wife,
David Borns, Roy Diklich and Kathy Diklich,
husband and wife, Kent Nix and Angela Nix,
husband and wife, Joseph Forbess and Lisa Forbess,
husband and wife, and Ted Galanthay and Phyllis Galanthay,
husband and wife,

       Third-Party Defendants.

DONNER PLUMBING AND HEATING, INC.

        Third-Party Plaintiff,

vs.

PARKER EXCAVATING, INC.

        Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on de la Torre Architects' Motion to Dismiss for Failure to Join Indispensable Parties, filed January 9, 2009 (Doc. 157)("Motion"). The Court held a hearing on February 10, 2009. The primary issue presented in the motion is whether the Court should dismiss the case because the plaintiffs in state court are necessary and indispensable parties to this action who cannot be joined without destroying the diversity of citizenship upon which the Court's jurisdiction rests. Recently, however, those state court plaintiffs have been added to this case as Third-Party Defendants. Because the Court can exercise jurisdiction over them as Third-Party Defendants, it is immaterial at this point whether they are necessary or indispensable parties. The Court will thus deny the motion without prejudice to renewing the motion to dismiss. Because the Court believes that the impleader of the state court plaintiffs might be improper under rule 14 of the Federal Rules of Civil Procedure -- an objection no one raised when the state court plaintiffs were joined, but which the state court plaintiffs might raise when they have the opportunity to respond -- denial without prejudice to renewing the issue is appropriate. If the Court ultimately dismisses the state-court plaintiffs from this case because of improper joinder, then Third-Party Defendant de la Torre Architects, P.A., A.I.A. may renew its motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and Counter-Defendant Wheeler Peak, LLC engaged Defendant, Counterclaimant,

-2-

and Third-Party Plaintiff L.C.I.2, Inc., a general contractor, to construct three condominium buildings in the Kachina Village Subdivision in Taos Ski Valley, New Mexico. This litigation arises out of that project going sour. Wheeler Peak alleges that LCI2 failed to substantially complete the three buildings on time, and that construction flaws resulted in significant water and fire damage to the buildings, and other damages to Wheeler Peak. See Complaint for Breach of Contract, Breach of Warranty, Negligence and Unfair Practices ¶¶ 6-24, at 2-5, filed November 6, 2007 (Doc. 1).

This case began on November 6, 2007, when Wheeler Peak filed a Complaint in federal court against LCI2. Wheeler Peak is an Illinois limited liability company, while LCI2 is a New Mexico corporation. LCI2 has since brought in numerous other parties, alleging that they are responsible for any of the problems with the construction project in Taos Ski Valley. Most of these parties were LCI2's subcontractors, while de la Torre served as the project's architect under an agreement with Wheeler Peak.

Twelve owners of Wheeler Peak condominiums (the "Deaver Plaintiffs") filed suit on October 12, 2008 in a New Mexico state court. See Exhibit A to Motion, Deaver-Rivera v. Wheeler Peak, LLC, No. CV 2008-508, Complaint ¶¶ 1-5, at 1-2 (Doc. 157)("State Complaint"). Several of the Deaver Plaintiffs are residents of New Mexico, while the others are residents of Texas, Arizona, and Canada. See id. None are residents of Illinois. Wheeler Peak, LCI2, and all but two of the Third-Party Defendants in this action are named as defendants in the State Complaint. One defendant in the state case, Arsed Engineering Group, LLC, is not a party to this case. All the Deaver Plaintiffs bought condominiums from Wheeler Peak between March 2006 and May 2006. See id. ¶ 23, at 3. They allege that Wheeler Peak breached its contracts with them and that all the defendants in the state case are responsible for a variety of problems under contract theories, and under negligence, fraud, civil conspiracy, and other tort theories. See id. ¶¶ 49-99, at 7-15.

Three months after the Deaver Plaintiffs commenced suit in state court, de la Torre filed this motion. After the briefing and immediately before the hearing on this motion, LCI2 moved to amend its Third-Party Complaint to add a claim for declaratory relief against the Deaver Plaintiffs. See LCI2's Motion for Leave to Amend its Third-Party Complaint to Add a Claim for Declaratory Relief Against Deaver Plaintiffs in Order to Determine Rights and Responsibilities Between Deaver Plaintiffs and All Parties to this Action, filed February 9, 2009 (Doc. 176). Only de la Torre opposed the motion, but, after the hearing, de la Torre withdrew its opposition, reserving its arguments that the Deaver Plaintiffs were necessary and indispensable parties who could not be added to this action without destroying diversity. See Response to LCI2's Motion for Leave to Amend its Third-Party Complaint to Add Claim for Declaratory Relief ¶¶ 1-2, at 2, filed March 4, 2009 (Doc. 186)("Withdrawal of Opposition"). The Court then granted the motion in a stipulated order. See Stipulated Order on LCI2, Inc.'s Motion for Leave to Amend its Third-Party Complaint to Add Claim for Declaratory Relief, entered March 24, 2009 (Doc. 193).

De la Torre moves the Court to dismiss this case without prejudice. It contends that the Deaver Plaintiffs are indispensable parties without whom the litigation cannot proceed.[1] The Deaver Plaintiffs, however, de la Torre asserts, cannot be added to this action without destroying the diversity upon which the Court's jurisdiction rests. Third-Party Defendant and Third-Party Plaintiff Donner Plumbing and Heating, Inc. joined in the motion. See Donner Plumbing and Heating, Inc.'s Joinder in de la Torre Architects' Motion to Dismiss for Failure to Join an Indispensable Party, filed January 29, 2009 (Doc. 167).

---

[1] The Deaver Plaintiffs' presence in the litigation changes the posture of the case. The Court will nonetheless describe the arguments as they were originally presented. If the Deaver Plaintiffs are later dismissed from the case, the Court will have to rule on these issues.

De la Torre first argues that the Deaver Plaintiffs are necessary parties to this case under rule 19(a) because complete relief cannot be granted without them and because continuing the case without them would expose the parties to multiple and possibly inconsistent obligations. See Motion at 3-5.  Next, de la Torre contends that the Deaver Plaintiffs' presence would destroy diversity jurisdiction.  See id. at 5.  Finally, de la Torre maintains that the Deaver Plaintiffs are indispensable parties because in their absence a judgment might bind the parties and allow the Deaver Plaintiffs to assert offensive collateral estoppel against them, while they would not be able to use estoppel against the Deaver Plaintiffs.  See id. at 6.  De la Torre also contends that the Deaver Plaintiffs are indispensable parties because judicial efficiency will be served through consolidating the actions and because all the parties will have adequate remedies in the state-court proceedings. See id. at 7.

In opposition, Wheeler Peak primarily argues that de la Torre has failed to show that the Deaver Plaintiffs are necessary parties.  Wheeler Peak contends that de la Torre has not demonstrated that the Deaver Plaintiffs have an interest in this action.  See Plaintiff Wheeler Peak, LLC's Response to de la Torre Architects' Motion to Dismiss for Failure to Join Indispensable Parties at 4, filed January 26, 20089 (Doc. 166).  According to Wheeler Peak, several of the causes of action in the Deaver Plaintiffs' state case involve their contract with Wheeler Peak, while many of the claims in the State Complaint fail to state a claim upon which relief can be granted. See Response at 5-7.  Wheeler Peak further contends that rule 19 protects against multiple liability, and not against multiple litigation.  See Response at 7-8.  Wheeler Peak also maintains that de la Torre's argument that complete relief cannot be afforded without the Deaver Plaintiffs is based on the idea that duplicative litigation precludes complete relief, which Wheeler Peak contends is incorrect.  See id. at 8.  In the alternative, Wheeler Peak asserts that, even if the Deaver Plaintiffs

-5-

are necessary, they are not indispensable, because de la Torre has only given a conclusory explanation of how the Deaver Plaintiffs are indispensable. See id. at 9.

LCI2 also opposes de la Torre's motion. LCI2 argues that, at the time the Complaint in this case was filed, the Deaver Plaintiffs were not indispensable parties. See Defendant LCI2, Inc.'s Response to Third-Party Defendant de la Torre Architects, P.A., A.I.A.'s Motion to Dismiss for Failure to Join Indispensable Parties (Doc. 157) at 4, filed January 30, 2009 (Doc. 169)("LCI2 Response"). LCI2 contends that none of the rule 19(b) factors are satisfied here and that dismissal of the federal action will not serve judicial economy. See LCI2 Response at 4-6. LCI2 also notes that it will -- as it now has done at the time of this opinion -- file a declaratory judgment against the Deaver Plaintiffs. See id. at 6.

De la Torre separately addresses the two responses in opposition to its motion. In reply to Wheeler Peak, de la Torre reiterates many of the points it raised in the original motion, but also contends that the Deaver Plaintiffs assert an interest in the subject of this action because they own "the very condominiums that form the basis of this litigation." De la Torre Architects' Reply to Wheeler Peak's Response (Docket 166) to Motion to Dismiss for Failure to Join Indispensable Parties (Docket 157) at 3, filed February 2, 2009 (Doc. 171)("First Reply"). De la Torre also asserts that Wheeler Peak's discussion of the merits of the Deaver Plaintiffs' action in state court are irrelevant to the rule 19 analysis. See First Reply at 4. In support of the Deaver Plaintiffs being indispensable, de la Torre again emphasizes that the parties in this action will not be able to avail themselves of collateral estoppel against the Deaver Plaintiffs, but that the Deaver Plaintiffs are likely to be able to use offensive estoppel against them. See id. at 5.

In reply to LCI2, de la Torre argues that LCI2 is wrong to focus on whether the parties thought the Deaver Plaintiffs were indispensable when litigation commenced because the focus is

-6-

on the facts at the beginning of litigation actually made them indispensable, regardless of what the parties believed. See de la Torre Architects' Reply to LCI2's Response (Doc. 169) to Motion to Dismiss for Failure to Join Indispensable Parties (Doc. 157) at 3, filed February 4, 2009 (Doc. 172)("Second Reply").  De la Torre maintains that LCI2, like Wheeler Peak, has not contested that the parties will have adequate remedies in state court and that LCI2's position is a reversal from earlier contentions that venue was only proper in state court. See id. at 4.  Finally, de la Torre contends that LCI2's plan to bring a declaratory-judgment action is an attempt to manufacture subject-matter jurisdiction and evade rule 19 requiring dismissal of this case. See Second Reply at 5.

At the hearing, Robert J. Perovich, de la Torre's counsel, argued that the Court could not afford complete relief without the Deaver Plaintiffs, because de la Torre could prevail on an issue in this case and face a possible inconsistent verdict in the state case because the Deaver Plaintiffs would not be bound by a judgment in this case. See Transcript of Hearing at 56:19-57:4 (Perovich)(taken February 10, 2009)(Doc. 192)("Tr."). Mr. Perovich also noted that, in paragraph 13 of Wheeler Peak's Complaint, Wheeler Peak discusses receiving demands from condominium owners and is thus pursuing homeowner claims in this lawsuit. See Tr. at 58:18-59:1. Mr. Perovich asserted that the Deaver Plaintiffs, if brought into this case, would have to be plaintiffs, because their interests were adverse to the other parties. See id. at 62:22-63:15 (Court & Perovich). Mr. Perovich also contended that the Court would not have supplemental jurisdiction over claims between the Deaver Plaintiffs who were New Mexico citizens and other New Mexico citizen-parties. See id. at 65:2-21.

In response to the Court's concerns about Wheeler Peak bringing claims involving the homeowners' claims, Donald A. Walcott, Wheeler Peak's attorney, stated that Wheeler Peak was

-7-

not seeking damages on the basis of those claims.  See Tr. at 75:10-77:15 (Court & Walcott).  Mr. Walcott stated that he thought Wheeler Peak could be protected in this case, by carving out any homeowner claims and that having the Deaver Plaintiffs was not necessary.  See id. at 77:16-80:23.  Tim L. Fields, LCI2's counsel, emphasized that indispensability of parties had to be viewed from the start of the litigation and that, in the beginning, all the parties believed the prospect of the Deaver Plaintiffs suing was remote.  See id. at 86:14-88:17 (Fields & Court).  Mr. Fields also contended that the New Mexico Deaver Plaintiffs could be brought in under supplemental jurisdiction.  See id. at 88:23-91:6.

## LAW REGARDING SUPPLEMENTAL JURISDICTION

Section 1367 of Title 26 is the statutory basis for supplemental jurisdiction in the federal district courts.  Under subsection (a):

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

26 U.S.C. § 1367(a).  History is important to understanding § 1367.  The first sentence in § 1367(a) codified a line of Supreme Court of the United States precedent; the second sentence overruled a different case.

United Mine Workers v. Gibbs, 383 U.S. 715 (1966), held that federal courts have the power to hear state-law claims under what was then called pendent or ancillary jurisdiction in a federal-question case when "the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'"  Id. at 725.  The first sentence in § 1367(a) codifies the holding of United Mine Workers v. Gibbs.  See City of Chicago

v. International College of Surgeons, 522 U.S. 156, 173 (1997)(recognizing codification).  While United Mine Workers v. Gibbs specifically discusses supplemental jurisdiction where the basis of subject-matter jurisdiction is a federal question, § 1367(a) applies where diversity is the basis for original jurisdiction.  See, e.g., Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 558-59 (2005)(applying supplemental jurisdiction in diversity case).

The second sentence in § 1367(a) was meant to overrule the holding in Finley v. United States, 490 U.S. 545 (1989).  In Finley v. United States, the Supreme Court held that using supplemental jurisdiction to add additional parties to a lawsuit was not permissible absent an express grant of authority from Congress.  See id. at 556.  In the Judicial Improvements Act of 1990, Congress added the second sentence to § 1367(a), stating that "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."  With this addition, Congress overturned the result in Finley v. United States and allowed supplemental jurisdiction to embrace claims that would add new parties to a lawsuit.  See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. at 558 (recognizing the abrogation of Finley v. United States).

Even before Congress amended § 1367(a) -- and after Finley v. United States was decided -- the Tenth Circuit approved of third-party plaintiffs bringing in non-diverse third-party defendants. "It is well settled . . . that a court has ancillary jurisdiction of a defendant's proper rule 14(a) claim against a third-party defendant without regard to whether there is an independent basis of jurisdiction (e.g., diversity between the third-party litigants), so long as the court has jurisdiction of the main claim between the original parties."  King Fisher Marine Service, Inc. v. 21st Phoenix Corp., 893 F.2d 1155, 1158 (10th Cir. 1990)(footnote omitted).  As the Tenth Circuit noted, "'the exercise of ancillary jurisdiction . . . has often been upheld in situations involving impleader.'"  Id. at 1161 (quoting Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 375 (1978))(omission

in King Fisher Marine Service, Inc. v. 21st Phoenix Corp.).

## LAW REGARDING ALIGNMENT OF PARTIES IN A DISPUTE

"It is [a court's] duty . . . 'to look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" City of Indianapolis v. Chase Nat. Bank of City of New York, 314 U.S. 63, 69 (1941)(quoting Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co., 197 U.S. 178, 180 (1905)).  This principle, announced over a century ago, is still valid today.  As the Tenth Circuit recently stated: "When determining whether diversity jurisdiction exists . . . courts are not bound . . . by the party alignment set forth in the pleadings. Rather, the Supreme Court has stated that a court should look beyond these formalities and attempt to determine the parties' actual interests."  Symes v. Harris, 472 F.3d 754, 761 (10th Cir. 2006).

In Symes v. Harris, the Tenth Circuit found that realignment was proper.  The plaintiffs in that case were bringing a derivative suit on behalf of a corporation.  The Tenth Circuit noted that "[c]orporations are generally aligned as nominal defendants in derivative suits," but that in the case before it, the corporation was "owned entirely by the plaintiffs . . . . [N]o one within the company . . . would oppose bringing the suit," and the defendants were not "officers or directors within the company."  Id.  Accordingly, the Tenth Circuit found that aligning the corporation as a plaintiff would be appropriate.

## ANALYSIS

When de la Torre withdrew its opposition to LCI2's most recent motion to amend and LCI2 added the Deaver Plaintiffs to this case as Third-Party Defendants, the nature of what the Court must address to decide this motion changed.  If the Deaver Plaintiffs are properly parties to the federal action, then it is irrelevant whether they are necessary or indispensable parties because they are, in fact, parties.  The Court can exercise supplemental jurisdiction over third-party defendants even if

the third-party plaintiff and third-party defendant are not diverse from each other. So the question becomes whether the Deaver Plaintiffs should be realigned to some other position in this case. The only position in this case that would destroy diversity jurisdiction is if the Deaver Plaintiffs were made Plaintiffs in this case. The Court does not see a sound reason for aligning the Deaver Plaintiffs that way. Accordingly, the Court may exercise jurisdiction over them and de la Torre's argument is academic for the time being.

Although no one who was a party at the time challenged bringing the Deaver Plaintiffs into the case on rule 14 grounds, the Deaver Plaintiffs, whose counsel has only recently entered her appearance, may yet make that challenge. Because the Court is concerned that the Deaver Plaintiffs are not properly joined under rule 14, the Court may in the future have to decide whether they are indispensable parties to the federal litigation. The Court will therefore deny the Motion without prejudice to de la Torre renewing its Motion if the Court later dismisses the Deaver Plaintiffs from this case.

**I.    THE COURT CAN EXERCISE SUPPLEMENTAL JURISDICTION OVER THE DEAVER PLAINTIFFS.**

LCI2 has sought declaratory relief from the Deaver Plaintiffs, naming them as Third-Party Defendants. Because the motion to amend was unopposed, the Court granted the motion in a stipulated order. While de la Torre specifically stated when withdrawing its opposition that it did not "waive any arguments that the Deaver plaintiffs are necessary and indispensable parties to this litigation," Withdrawal of Opposition ¶ 2, at 2, neither de la Torre nor any other party to this case has objected that LCI2 seeking to bring in the Deaver Plaintiffs as Third-Party Defendants is beyond

the scope of what the Federal Rules of Civil Procedure permit as far as third-party practice.[2] Even though LCI2 and several of the Deaver Plaintiffs are all citizens of New Mexico, the Court may exercise supplemental jurisdiction over the Deaver Plaintiffs as Third-Party Defendants because there is complete diversity between the only Plaintiff, Wheeler Peak, and the only Defendant, LCI2.

Under 26 U.S.C. § 1367(a), a district court's "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." This statement, which was added in the 1990 amendments to § 1367, makes it clear that a court can exercise supplemental jurisdiction over parties when there is no independent basis for subject-matter jurisdiction over the claims between the parties. Even before the amendments and shortly after Finley v. United States was decided, the Tenth Circuit held: "It is well settled . . . that a court has ancillary jurisdiction of a defendant's proper rule 14(a) claim against a third-party defendant without regard to whether there is an independent basis of jurisdiction (e.g., diversity between the third-party litigants), so long as the court has jurisdiction of the main claim between the original parties." King Fisher Marine

---

[2] Rule 14(a) provides: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). LCI2's claim for declaratory relief, however, does not allege that the Deaver Plaintiffs are liable to it for any of Wheeler Peak's claims against LCI2. Nor, given the Court's knowledge of this case, does it seem there is a foundation to make such an allegation. It therefore appears likely that LCI2 cannot properly bring the Deaver Plaintiffs into this litigation. No one made such an objection when LCI2 moved to amend. The Federal Rules of Civil Procedure are not jurisdictional in nature. See Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts."). A joinder that might be beyond the scope of rule 14 is therefore not, without more, a jurisdictional defect. While a rule 14 motion is directed at the Court's discretion, see U. S. Fidelity & Guaranty Co. v. Perkins, 388 F.2d 771, 773 (10th Cir. 1968); 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1443, at 298 (1990), no party requested that the Court exercise its discretion to deny the motion to amend. Instead, no parties opposed the motion and a stipulated order was submitted for the Court's signature. At the present time, therefore, the Court can exercise supplemental jurisdiction over the Deaver Plaintiffs. The Deaver Plaintiffs themselves may yet object to being brought into the federal litigation. Until such an objection is raised, however, the Court will consider them properly joined pursuant to the stipulated order.

Service, Inc. v. 21st Phoenix Corp., 893 F.2d at 1158 (10th Cir. 1990). While the new language in 26 U.S.C. § 1367(a) post-dates King Fisher Marine Service, Inc. v. 21st Phoenix Corp., the 1990 amendment only confirms the Tenth Circuit's holding. Moreover, King Fisher Marine Service, Inc. v. 21st Phoenix Corp., like this case, was a case where original jurisdiction was based on diversity of citizenship. King Fisher Marine Service, Inc. v. 21st Phoenix Corp.'s statement about supplemental jurisdiction is thus directly on point. With Tenth Circuit precedent specifically holding that a lack of diversity between third-party litigants will not preclude supplemental jurisdiction, the Court has jurisdiction over the Deaver Plaintiffs, assuming that they are properly in the case as Third-Party Defendants. Additionally, the Court would have supplemental jurisdiction over any cross-claims that LCI2 and the various Third-Party Defendants might make against each other that are sufficiently related to this action despite a lack of diversity between some of these parties. See Certain Underwriters at Lloyd's, London v. Nance, 2006 WL 4109676 at *8 (D.N.M.)(Browning, J.).

## II.     THE COURT WILL NOT REALIGN THE DEAVER PLAINTIFFS.

"When determining whether diversity jurisdiction exists . . . courts are not bound . . . by the party alignment set forth in the pleadings. Rather, the Supreme Court has stated that a court should look beyond these formalities and attempt to determine the parties' actual interests." Symes v. Harris, 472 F.3d at 761. LCI2's decision to bring in the Deaver Plaintiffs as Third-Party Defendants does not prevent the Court from realigning their position in this case if their actual interests make them better suited to some other status. Given the complex and somewhat unusual posture of this litigation, Third-Party Defendants is an appropriate placement for the Deaver Plaintiffs, so the Court will not realign them.

In the state court litigation, the Deaver Plaintiffs are adverse to the only Plaintiff in this case,

Wheeler Peak. The Deaver Plaintiffs allege that Wheeler Peak was responsible for many of the problems that have beset the condominiums and their owners. This dispute between Wheeler Peak and the Deaver Plaintiffs is not formal or technical in nature. They are genuinely adverse parties. Indeed, although the Deaver Plaintiffs have sued more defendants than just Wheeler Peak in state court, the Deaver Plaintiffs seem to view Wheeler Peak as the lead defendant. It makes sense to keep them on opposite sides of the "v" in federal court, just as they are opponents in state court.

Another way of looking at the issue is considering how this case might have developed differently. If all of the litigation that the construction of the condominiums has spawned began all at once, in a single court -- instead of piecemeal, with Wheeler Peak suing first in federal court, and then the Deaver Plaintiffs later filing a complaint in state court -- this case would likely have a different look. One natural way for this litigation to have evolved would have been for the Deaver Plaintiffs to have sued Wheeler Peak and perhaps others. Wheeler Peak would then likely have impleaded other parties. The case could have progressed this way even in federal court. All of the Deaver Plaintiffs are diverse from Wheeler Peak, an Illinois entity. Using supplemental jurisdiction, Wheeler Peak could have brought in the rest of the parties who are presently in the case. And so all the parties might have found themselves in federal court anyway, with the principal dispute being between the Deaver Plaintiffs and Wheeler Peak. The present scenario is therefore not implausible, even if procedural happenstance has made the path to it rather convoluted.

Being labeled Third-Party Defendants is not the perfect fit for the Deaver Plaintiffs. In this complex case, however, it is not worse than any other status. None of the parties share much common ground. They are either adverse to or at best neutral to each other. Aligning the Deaver Plaintiffs with Wheeler Peak, their principal opponent in the state court action, makes no more sense -- and probably less -- than keeping the Deaver Plaintiffs as Third-Party Defendants. Without some

reason to believe that the Deaver Plaintiffs' "actual interests," Symes v. Harris, 472 F.3d at 761, make them Plaintiffs alongside Wheeler Peak, the Court does not see a sound basis for disturbing the current alignment of parties.

This case is not the usual scenario for realigning parties. In derivative litigation, for example, a corporation is normally a nominal defendant because the corporation is opposed to the suit. When the corporation approves of the suit, however, treating it as a plaintiff is proper. See Symes v. Harris, 472 F.3d at 761. Such a disconnect between formal interests and real interests is not present here. Because of the complexity of the case, the parties cannot be neatly divided into plaintiffs and defendants. The disputes, however, are real. Realignment is not called for in such a situation.

With the Deaver Plaintiffs in the case as Third-Party Defendants, the Court can exercise supplemental jurisdiction over them. Because the various disputes the Deaver Plaintiffs have with de la Torre and the other parties could thus all be resolved in this litigation, it does not matter for the present time whether the Deaver Plaintiffs are necessary or indispensable parties because they are not absent from the litigation. This reasoning, however, rests on the Deaver Plaintiffs being properly joined. No one objected on joinder grounds to bringing them into the federal case. The Deaver Plaintiffs have not yet spoken, however, and they may raise such an objection to being dragged into federal court. As long as the Deaver Plaintiffs remain in the case, de la Torre's motion is beside the point. Should the Deaver Plaintiffs object to joinder, however, and should the Court dismiss them from the case, de la Torre may renew its motion and the Court will decide the issue at that point.[3]

---

[3] If de la Torre renews its motion, neither it nor the other parties needs to file new briefing. The Court already has briefing on the issue and has heard the parties' arguments. A short motion

**IT IS ORDERED** that de la Torre Architects' Motion to Dismiss for Failure to Join Indispensable Parties is denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Donald A. Walcott
Charles V. Henry, IV
Holly Hart
Kris Knutson
Scheuer, Yost & Patterson
Santa Fe, New Mexico

    *Attorneys for Plaintiff and Counter-Defendant Wheeler Peak, LLC*

Alan Maestas
Lee Boothby
Maestas Baker Boothby & Warren, P.C.
Taos, New Mexico

-- and --

Tim L. Fields
Samuel L. Winder
Modrall Sperling Roehl Harris & Sisk PA
Albuquerque, New Mexico

    *Attorneys for Defendant, Counterclaimaint, and Third-Party Plaintiff*
      *L.C.I.2, Inc.*

Todd Schwarz
H. Brook Laskey
Bryan Hatherly
Miller Stratvert, P.A.
Albuquerque, New Mexico

    *Attorneys for Third-Party Defendant Donner Plumbing and Heating Inc.*

---

or letter stating that de la Torre is reviving the issue will suffice.

Robert J. Perovich
Keleher & McLeod
Albuquerque, New Mexico

>    *Attorneys for Third-Party Defendant De La Torre Architects, P.A., A.I.A.*

Steven L. Gonzales
Silva & Saucedo, P.C.
Albuquerque, New Mexico

>    *Attorney for Third-Party Defendant Parker Excavating, Inc.*

Robert Bruce Collins
Holly R. Harvey
Law Office of Robert Bruce Collins
Albuquerque, New Mexico

>    *Attorneys for Third-Party Defendant JC Constructors, Inc.*

Michael S. Jahner
Yenson, Lynn, Allen & Wosick, P.C.
Albuquerque, New Mexico

-- and --

J. Michael Roberts
Jason R. Scott
Shook Hardy & Bacon LLP
Kansas City, Kansas

>    *Attorneys for Third-Party Defendant Simplex Grinnell, LP*

Julie J. Vargas
Hunt & Davis, P.C.
Albuquerque, New Mexico

>    *Attorneys for Third-Party Defendants David Born, Carl Davis, Lisa Davis,*
>      *Melissa Deaver-Rivera, Kathy Diklich, Roy Diklich, Joseph Forbess,*
>      *Lisa Forbess, Phyllis Galanthay, Ted Galanthay, Angela Nix and Kent Nix*