# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WHEELER PEAK, LLC
an Illinois limited liability company,

        Plaintiff,

vs.                                                                                                               No. CIV 07-1117 JB/WDS

L.C.I.2, INC., a New Mexico Corporation,

        Defendant.

L.C.I.2, INC., a New Mexico Corporation,

        Counterclaimant,

vs.

WHEELER PEAK, LLC,
an Illinois limited liability company,
KMG, INC., an Illinois Corporation, and
KEITH GILES, an individual,

        Counter-Defendants.

L.C.I.2, INC., a New Mexico Corporation,

        Third-Party Plaintiff,

vs.

DONNER PLUMBING AND HEATING, INC.;
JC CONSTRUCTORS, INC., and DE LA
TORRE ARCHITECTS, P.A., A.I.A.,
Simplex Grinnell, LP, Melissa Deaver-Rivera,
Carl Davis and Lisa Davis, husband and wife,
David Borns, Roy Diklich and Kathy Diklich,
husband and wife, Kent Nix and Angela Nix,
husband and wife, Joseph Forbess and Lisa Forbess,
husband and wife, and Ted Galanthay and Phyllis Galanthay,
husband and wife,

        Third-Party Defendants.

DONNER PLUMBING AND HEATING, INC.,

       Third-Party Plaintiff,

vs.

PARKER EXCAVATING, INC.,

       Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Third Party Defendant JC Constructors, Inc.'s Motion to Vacate Trial Setting, filed May 22, 2009 (Doc. 224). The Court held a hearing on June 19, 2009. The primary issue is whether the Court should vacate the firm setting for a three-week trial starting September 8, 2009. For the reasons stated at the hearing and other reasons consistent with those already stated, the Court will deny the motion to vacate the trial setting without prejudice to the parties renewing the request to vacate.

## PROCEDURAL BACKGROUND

This case is currently set for a three-week trial on a firm setting that begins September 8, 2009. Third-Party Defendant JC Constructors, Inc. asks that the Court vacate that setting because of a potential conflict its counsel has with another case set for trial before the Honorable James A. Parker, Senior United States District Judge, on a docket running from September 8 to September 30, 2009. According to JC Constructors, its counsel had agreed to vacate the earlier April 2009 trial setting in this case and request a September setting, subject to the understanding that she had a potential conflict with another trial that could require vacating that setting. Only the Plaintiff,

Wheeler Peak LLC, opposes the motion.[1]

## **ANALYSIS**

As the Court explained at the hearing, it will not vacate the setting at this time, but also will not foreclose JC Constructors from renewing its motion as the trial dates get closer. Currently trial in this case is set for a firm setting for three weeks. Three weeks is a long time in this District and rescheduling a three-week trial for a time that suits the Court's docket and fits with the schedules of counsel for the numerous parties in this case is not a task to be undertaken lightly. Thus, at the outset, the Court is reluctant to vacate the present setting without a strong reason.

JC Constructors has offered two primary, and related, reasons to move the trial: (i) because of the potential conflict with the trial before Judge Parker; and (ii) because that potential conflict has long been known to the parties and to the Court, and was a condition of JC Constructors' joining the agreement to move the April 2009 trial setting. There is merit to these arguments, but at the present time, the Court believes the better approach is to wait and let events play out more. The case pending before Judge Parker is not on a firm setting,[2] and it appears that it may be possible that both cases might be tried without overlap. The Court has contacted Judge Parker's chambers to inform Judge Parker about the potential conflict with JC Constructors' counsel. Judge Parker has told the Court that he can work around the potential conflict so that the Court does need to vacate the firm setting here. There is also a summary judgment motion pending in that case. At this time, it is thus somewhat speculative whether there will be a conflict. While the Court understands the desire of

---

[1] It does not appear that Wheeler Peak ever consented to vacate the September setting, regardless of the conflict of JC Constructors' counsel.

[2] The case is on a trailing docket, and Judge Parker's trailing docket apparently runs from September 8, to September 30, 2009.

counsel and parties to know in advance what cases might be tried and when, there is still over two months until the trials in question, providing time in which things can become more certain.

Other parties have also put forth further justifications for continuing the current setting. Several have pointed out the almost glacial pace of discovery in this case, which may render trying the case in September more a matter of hope than probability. Third-Party Defendant and Third-Party Plaintiff Donner Plumbing and Heating, Inc. has also stated its intention to seek the lifting of the bankruptcy stay currently in effect for Third-Party Defendant Parker Excavating, Inc., meaning that more time may be necessary to allow Parker Excavating to conduct discovery in which it has not been able to participate to date. These concerns also do not tip the scales yet. Discovery needs to get moving at some point in this case, and the Court is not convinced that a further continuance is a certainty yet. The apparently minimal discovery that has been conducted in this case also means that Parker Excavating, should it find itself an active participant again, will not have much catching up to do.

At the present, the Court believes that the best approach is to wait. Time may reveal that there is no conflict between a trial in this case and the trial before Judge Parker, and that the parties can all be ready to go to trial on September 8. Given the difficulty of finding space for three-week trials involving many parties in this District, and the fact that time remains in which matters can develop further, it is preferable to keep the present firm setting at the time. While the Court will deny the motion, it will do so without prejudice to the parties renewing their request to vacate on a better record. As the trial dates come closer, the parties may raise this issue again if necessary and elaborate on any new developments the Court should take into account.

**IT IS ORDERED** that Third Party Defendant JC Constructors, Inc.'s Motion to Vacate Trial Setting is denied without prejudice to the parties renewing their request to vacate the trial.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Donald A. Walcott
Holly Hart
Kris Knutson
Scheuer, Yost & Patterson
Santa Fe, New Mexico

    *Attorneys for Plaintiff and Counter-Defendant Wheeler Peak, LLC*

Alan Maestas
Lee Boothby
Maestas Baker Boothby & Warren, P.C.
Taos, New Mexico

-- and --

Tim L. Fields
Samuel L. Winder
Brian K. Nichols
Cristin M. Heyns
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant, Counterclaimaint, and Third-Party Plaintiff*
      *L.C.I.2, Inc.*

Todd Schwarz
H. Brook Laskey
Bryan Hatherly
Miller Stratvert, P.A.
Albuquerque, New Mexico

    *Attorneys for Third-Party Defendant and Third-Party Plaintiff*
      *Donner Plumbing and Heating Inc.*

Robert J. Perovich
Mariposa Padilla Sivage
Keleher & McLeod
Albuquerque, New Mexico

> *Attorneys for Third-Party Defendant De La Torre Architects, P.A., A.I.A.*

Steven L. Gonzales
Anita M. Kelley
Silva, Saucedo & Gonzales, P.C.
Albuquerque, New Mexico

> *Attorney for Third-Party Defendant Parker Excavating, Inc.*

Robert Bruce Collins
Holly R. Harvey
Law Office of Robert Bruce Collins
Albuquerque, New Mexico

> *Attorneys for Third-Party Defendant JC Constructors, Inc.*

Michael S. Jahner
Yenson, Lynn, Allen & Wosick, P.C.
Albuquerque, New Mexico

-- and --

J. Michael Roberts
Jason R. Scott
Shook Hardy & Bacon LLP
Kansas City, Kansas

> *Attorneys for Third-Party Defendant Simplex Grinnell, LP*

Julie J. Vargas
Hunt & Davis, P.C.
Albuquerque, New Mexico

> *Attorneys for Third-Party Defendants David Born, Carl Davis, Lisa Davis,
>    Melissa Deaver-Rivera, Kathy Diklich, Roy Diklich, Joseph Forbess,
>    Lisa Forbess, Phyllis Galanthay, Ted Galanthay, Angela Nix and Kent Nix*