## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WHEELER PEAK, LLC
an Illinois limited liability company,

        Plaintiff,

vs.                                                                                                      No. CIV 07-1117 JB/WDS

L.C.I.2, INC., a New Mexico Corporation,

        Defendant.

L.C.I.2, INC., a New Mexico Corporation,

        Counterclaimant,

vs.

WHEELER PEAK, LLC,
an Illinois limited liability company,
KMG, INC., an Illinois Corporation, and
KEITH GILES, an individual,

        Counter-Defendants.

L.C.I.2, INC., a New Mexico Corporation,

        Third-Party Plaintiff,

vs.

DONNER PLUMBING AND HEATING, INC.;
JC CONSTRUCTORS, INC., and DE LA
TORRE ARCHITECTS, P.A., A.I.A.,
Simplex Grinnell, LP, Melissa Deaver-Rivera,
Carl Davis and Lisa Davis, husband and wife,
David Borns, Roy Diklich and Kathy Diklich,
husband and wife, Kent Nix and Angela Nix,
husband and wife, Joseph Forbess and Lisa Forbess,
husband and wife, and Ted Galanthay and Phyllis Galanthay,
husband and wife,

        Third-Party Defendants.

DONNER PLUMBING AND HEATING, INC.,

       Third-Party Plaintiff,

vs.

PARKER EXCAVATING, INC.,

       Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion for Reconsideration, filed May 18, 2009 (Doc. 215). The Court held a hearing on July 16, 2009. The primary issue is whether the Court should dismiss the case because certain plaintiffs in New Mexico state court -- the Deaver plaintiffs -- are necessary and indispensable parties to this action who cannot be joined without destroying the diversity of citizenship upon which the Court's jurisdiction rests. Because the Deaver plaintiffs are not required parties under rule 19(a)(1) of the Federal Rules of Civil Procedure, the Court will not dismiss the case.

## FACTUAL AND PROCEDURAL BACKGROUND

This motion does not present the first time the Court has considered whether it should dismiss the case because of the absence of required parties. Earlier, on January 9, 2009, Third-Party Defendant de la Torre Architects, P.A., A.I.A. moved the Court to dismiss the case on those grounds. See De la Torre Architects' Motion to Dismiss for Failure to Join Indispensable Parties (Doc. 157). Before the Court ruled on the motion, the Deaver plaintiffs were added to the case. This development led the Court to deny the motion because there were no grounds for dismissal under rule 19 with the Deaver plaintiffs as participants in the case. See Memorandum Opinion and Order at 2, entered April 20, 2009 (Doc. 206)("MOO"). The Court, however, added a caveat:

> Because the Court believes that the impleader of the state court plaintiffs might be improper under rule 14 of the Federal Rules of Civil Procedure -- an objection no one raised when the state court plaintiffs were joined, but which the state court plaintiffs might raise when they have the opportunity to respond -- denial without prejudice to renewing the issue is appropriate. If the Court ultimately dismisses the state-court plaintiffs from this case because of improper joinder, then Third-Party Defendant de la Torre Architects, P.A., A.I.A. may renew its motion.

MOO at 2.

After the Court issued its opinion, the Deaver plaintiffs moved to dismiss the claim against them on the grounds that they were not properly joined as Third-Party Defendants under rule 14(a). See Deaver Plaintiffs' Motion to Dismiss Fourth Amended Third-Party Complaint, Doc. No. 194, and Memorandum in Support at 5, filed April 30, 2009 (Doc. 209). None of the parties opposed the motion, and the Court dismissed the Deaver plaintiffs with a stipulated order. See Stipulated Order Dismissing Count X of LCI2, Inc.'s Fourth Amended Third-Party Complaint (Declaratory Relief Against Deaver Plaintiffs) Without Prejudice at 2, entered June 1, 2009 (Doc. 228). Now that the Deaver plaintiffs are once again absent from this federal litigation, de la Torre has accepted the Court's invitation to renew its motion to dismiss.

The Court's opinion on the first motion to dismiss recounts the background of this issue and the arguments the parties have made for and against dismissal:

> This case began on November 6, 2007, when Wheeler Peak filed a Complaint in federal court against LCI2. Wheeler Peak is an Illinois limited liability company, while LCI2 is a New Mexico corporation. LCI2 has since brought in numerous other parties, alleging that they are responsible for any of the problems with the construction project in Taos Ski Valley. Most of these parties were LCI2's subcontractors, while de la Torre served as the project's architect under an agreement with Wheeler Peak.
>
> Twelve owners of Wheeler Peak condominiums (the "Deaver Plaintiffs") filed suit on October 12, 2008 in a New Mexico state court. See Exhibit A to Motion, Deaver-Rivera v. Wheeler Peak, LLC, No. CV 2008-508, Complaint ¶¶ 1-5, at 1-2 (Doc. 157)("State Complaint"). Several of the Deaver Plaintiffs are residents of New Mexico, while the others are residents of Texas, Arizona, and Canada.

See id.  None are residents of Illinois.  Wheeler Peak, LCI2, and all but two of the Third-Party Defendants in this action are named as defendants in the State Complaint.  One defendant in the state case, Arsed Engineering Group, LLC, is not a party to this case.  All the Deaver Plaintiffs bought condominiums from Wheeler Peak between March 2006 and May 2006.  See id. ¶ 23, at 3.  They allege that Wheeler Peak breached its contracts with them and that all the defendants in the state case are responsible for a variety of problems under contract theories, and under negligence, fraud, civil conspiracy, and other tort theories.  See id. ¶¶ 49-99, at 7-15.

Three months after the Deaver Plaintiffs commenced suit in state court, de la Torre filed this motion.  After the briefing and immediately before the hearing on this motion, LCI2 moved to amend its Third-Party Complaint to add a claim for declaratory relief against the Deaver Plaintiffs.  See LCI2's Motion for Leave to Amend its Third-Party Complaint to Add a Claim for Declaratory Relief Against Deaver Plaintiffs in Order to Determine Rights and Responsibilities Between Deaver Plaintiffs and All Parties to this Action, filed February 9, 2009 (Doc. 176).  Only de la Torre opposed the motion, but, after the hearing, de la Torre withdrew its opposition, reserving its arguments that the Deaver Plaintiffs were necessary and indispensable parties who could not be added to this action without destroying diversity.  See Response to LCI2's Motion for Leave to Amend its Third-Party Complaint to Add Claim for Declaratory Relief ¶¶ 1-2, at 2, filed March 4, 2009 (Doc. 186)("Withdrawal of Opposition").  The Court then granted the motion in a stipulated order.  See Stipulated Order on LCI2, Inc.'s Motion for Leave to Amend its Third-Party Complaint to Add Claim for Declaratory Relief, entered March 24, 2009 (Doc. 193).

De la Torre moves the Court to dismiss this case without prejudice.  It contends that the Deaver Plaintiffs are indispensable parties without whom the litigation cannot proceed.  The Deaver Plaintiffs, however, de la Torre asserts, cannot be added to this action without destroying the diversity upon which the Court's jurisdiction rests.  Third-Party Defendant and Third-Party Plaintiff Donner Plumbing and Heating, Inc. joined in the motion.  See Donner Plumbing and Heating, Inc.'s Joinder in de la Torre Architects' Motion to Dismiss for Failure to Join an Indispensable Party, filed January 29, 2009 (Doc. 167).

De la Torre first argues that the Deaver Plaintiffs are necessary parties to this case under rule 19(a) because complete relief cannot be granted without them and because continuing the case without them would expose the parties to multiple and possibly inconsistent obligations.  See Motion at 3-5.  Next, de la Torre contends that the Deaver Plaintiffs' presence would destroy diversity jurisdiction.  See id. at 5.  Finally, de la Torre maintains that the Deaver Plaintiffs are indispensable parties because in their absence a judgment might bind the parties and allow the Deaver Plaintiffs to assert offensive collateral estoppel against them, while they would not be able to use estoppel against the Deaver Plaintiffs.  See id. at 6.  De la Torre also contends that the Deaver Plaintiffs are indispensable parties because judicial

-4-

efficiency will be served through consolidating the actions and because all the parties will have adequate remedies in the state-court proceedings. See id. at 7.

In opposition, Wheeler Peak primarily argues that de la Torre has failed to show that the Deaver Plaintiffs are necessary parties. Wheeler Peak contends that de la Torre has not demonstrated that the Deaver Plaintiffs have an interest in this action. See Plaintiff Wheeler Peak, LLC's Response to de la Torre Architects' Motion to Dismiss for Failure to Join Indispensable Parties at 4, filed January 26, 20089 (Doc. 166). According to Wheeler Peak, several of the causes of action in the Deaver Plaintiffs' state case involve their contract with Wheeler Peak, while many of the claims in the State Complaint fail to state a claim upon which relief can be granted. See Response at 5-7. Wheeler Peak further contends that rule 19 protects against multiple liability, and not against multiple litigation. See Response at 7-8. Wheeler Peak also maintains that de la Torre's argument that complete relief cannot be afforded without the Deaver Plaintiffs is based on the idea that duplicative litigation precludes complete relief, which Wheeler Peak contends is incorrect. See id. at 8. In the alternative, Wheeler Peak asserts that, even if the Deaver Plaintiffs are necessary, they are not indispensable, because de la Torre has only given a conclusory explanation of how the Deaver Plaintiffs are indispensable. See id. at 9.

LCI2 also opposes de la Torre's motion. LCI2 argues that, at the time the Complaint in this case was filed, the Deaver Plaintiffs were not indispensable parties. See Defendant LCI2, Inc.'s Response to Third-Party Defendant de la Torre Architects, P.A., A.I.A.'s Motion to Dismiss for Failure to Join Indispensable Parties (Doc. 157) at 4, filed January 30, 2009 (Doc. 169)("LCI2 Response"). LCI2 contends that none of the rule 19(b) factors are satisfied here and that dismissal of the federal action will not serve judicial economy. See LCI2 Response at 4-6. LCI2 also notes that it will -- as it now has done at the time of this opinion -- file a declaratory judgment against the Deaver Plaintiffs. See id. at 6.

De la Torre separately addresses the two responses in opposition to its motion. In reply to Wheeler Peak, de la Torre reiterates many of the points it raised in the original motion, but also contends that the Deaver Plaintiffs assert an interest in the subject of this action because they own "the very condominiums that form the basis of this litigation." De la Torre Architects' Reply to Wheeler Peak's Response (Docket 166) to Motion to Dismiss for Failure to Join Indispensable Parties (Docket 157) at 3, filed February 2, 2009 (Doc. 171)("First Reply"). De la Torre also asserts that Wheeler Peak's discussion of the merits of the Deaver Plaintiffs' action in state court are irrelevant to the rule 19 analysis. See First Reply at 4. In support of the Deaver Plaintiffs being indispensable, de la Torre again emphasizes that the parties in this action will not be able to avail themselves of collateral estoppel against the Deaver Plaintiffs, but that the Deaver Plaintiffs are likely to be able to use offensive estoppel against them. See id. at 5.

> In reply to LCI2, de la Torre argues that LCI2 is wrong to focus on whether the parties <u>thought</u> the Deaver Plaintiffs were indispensable when litigation commenced because the focus is on the facts at the beginning of litigation actually made them indispensable, regardless of what the parties believed. <u>See</u> de la Torre Architects' Reply to LCI2's Response (Doc. 169) to Motion to Dismiss for Failure to Join Indispensable Parties (Doc. 157) at 3, filed February 4, 2009 (Doc. 172)("Second Reply"). De la Torre maintains that LCI2, like Wheeler Peak, has not contested that the parties will have adequate remedies in state court and that LCI2's position is a reversal from earlier contentions that venue was only proper in state court. <u>See</u> <u>id.</u> at 4. Finally, de la Torre contends that LCI2's plan to bring a declaratory-judgment action is an attempt to manufacture subject-matter jurisdiction and evade rule 19 requiring dismissal of this case. <u>See</u> Second Reply at 5.
>
> At the hearing, Robert J. Perovich, de la Torre's counsel, argued that the Court could not afford complete relief without the Deaver Plaintiffs, because de la Torre could prevail on an issue in this case and face a possible inconsistent verdict in the state case because the Deaver Plaintiffs would not be bound by a judgment in this case. <u>See</u> Transcript of Hearing at 56:19-57:4 (Perovich)(taken February 10, 2009)(Doc. 192)("Tr."). Mr. Perovich also noted that, in paragraph 13 of Wheeler Peak's Complaint, Wheeler Peak discusses receiving demands from condominium owners and is thus pursuing homeowner claims in this lawsuit. <u>See</u> Tr. at 58:18-59:1. Mr. Perovich asserted that the Deaver Plaintiffs, if brought into this case, would have to be plaintiffs, because their interests were adverse to the other parties. <u>See</u> <u>id.</u> at 62:22-63:15 (Court & Perovich). Mr. Perovich also contended that the Court would not have supplemental jurisdiction over claims between the Deaver Plaintiffs who were New Mexico citizens and other New Mexico citizen-parties. <u>See</u> <u>id.</u> at 65:2-21.
>
> In response to the Court's concerns about Wheeler Peak bringing claims involving the homeowners' claims, Donald A. Walcott, Wheeler Peak's attorney, stated that Wheeler Peak was not seeking damages on the basis of those claims. <u>See</u> Tr. at 75:10-77:15 (Court & Walcott). Mr. Walcott stated that he thought Wheeler Peak could be protected in this case, by carving out any homeowner claims and that having the Deaver Plaintiffs was not necessary. <u>See</u> <u>id.</u> at 77:16-80:23. Tim L. Fields, LCI2's counsel, emphasized that indispensability of parties had to be viewed from the start of the litigation and that, in the beginning, all the parties believed the prospect of the Deaver Plaintiffs suing was remote. <u>See</u> <u>id.</u> at 86:14-88:17 (Fields & Court). Mr. Fields also contended that the New Mexico Deaver Plaintiffs could be brought in under supplemental jurisdiction. <u>See</u> <u>id.</u> at 88:23-91:6.

MOO at 3-8 (emphasis in original; footnote omitted). Though LCI2 originally opposed the Court dismissing the case, LCI2 has now dropped its opposition, and only Wheeler Peak opposes the present motion. <u>See</u> Motion for Reconsideration ¶¶ 11-12, at 3. While no new briefing has been

presented -- and none is required given the earlier briefing -- the Court heard oral argument on the motion to reconsider. Tina Gooch, de la Torre's counsel, reiterated de la Torre's position that the state court case and this federal case concern the same property and the same issues regarding defects in the property, and that, as a result, the parties are presently being forced to engage in duplicative litigation and run the risk of inconsistent results. See Transcript of Hearing at 53:1-24 (Gooch)(taken July 16, 2009).[1] Ms. Gooch also noted a new development -- that there was pending before the Honorable C. LeRoy Hansen, United States District Judge, a motion to consolidate this case with the case before Judge Hansen, No. CIV 09-0294, Clarendon National Insurance Company v. Wheeler Peak (D.N.M.), which involves many of the same parties. See id. at 54:2-5.

## LAW REGARDING REQUIRED PARTIES, OR NECESSARY AND INDISPENSABLE PARTIES, UNDER RULE 19

Parties meeting the criteria laid out in rule 19(a)(1) are required parties. If a required party is not joined, then "the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). If the required party cannot be joined, then a court must consider the factors in rule 19(b) to determine whether it should dismiss the case or should allow the case to proceed with the existing parties.

Earlier case law generally describes those parties who should be joined under rule 19(a) as necessary parties, and those necessary parties whose absence requires that a case be dismissed under rule 19(b) as indispensable parties, or necessary and indispensable parties. The 2007 amendments to the rules changed the term necessary parties to required parties. These amendments were stylistic only, however, and much of the case law interpreting rule 19 predates the amendments and refers

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain different page and/or line numbers.

to necessary and indispensable parties.

### 1. **Incomplete Relief.**

One basis on which a party may be a required, or necessary, party is if, "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). A court is able to afford complete relief when a party's absence "does not prevent the plaintiffs from receiving their requested . . . relief." Sac and Fox Nation of Missouri v. Norton, 240 F.3d 1250, 1258 (10th Cir. 2001). As Moore's Federal Practice explains, this provision "requires joinder when nonjoinder precludes the court from effecting relief not in some overall sense, but between *extant parties*." 4 J. Moore & R. Freer, Moore's Federal Practice § 19.03[2][b], at 19-39 (3d ed. 2009)(emphasis in original). "Properly interpreted, the Rule is not invoked simply because some absentee may cause future litigation. . . . The fact that the absentee might later frustrate the outcome of the litigation does not by itself make the absentee necessary for complete relief." 4 Moore's Federal Practice § 19.03[2][b], at 19-39 to 19-41 (footnotes omitted).

Those cases discussing the complete-relief segment of rule 19(a) look at whether a plaintiff or other claimant can be granted complete relief without adding parties. For example, in Salt Lake Tribune Pub. Co., LLC v. AT & T Corp., 320 F.3d 1081 (10th Cir. 2003), the United States Court of Appeals for the Tenth Circuit analyzed whether the district court could grant the plaintiff all the relief that it was seeking on its claims. See id. at 1097. In Associated Dry Goods Corp. v. Towers Financial Corp., 920 F.2d 1121 (2d Cir. 1990), the United States Court of Appeals for the Second Circuit held that an absent party was a necessary party to afford a counterclaimant complete relief because the counter-defendant could not comply with the injunction that the counterclaimant sought without the consent of the absent party. See id. at 1124. In Champagne v. City of Kansas City, Kan., 157 F.R.D. 66 (D.Kan. 1994), a number of paramedics filed suit against the City of Kansas

City, alleging overtime-pay violations. The City sought to join as plaintiffs other paramedics who had not sued. See id. at 67. The district court held:

> Complete relief refers to relief as between the persons already parties to the action and not as between a present party and the absent party whose joinder is sought. The named plaintiffs in the present action would be able to obtain all the relief requested without the joinder of four additional paramedics. Defendant's assertion that all persons whose claims are identical to the plaintiffs should be joined is not within the meaning of complete relief.

Champagne v. City of Kansas City, Kan., 157 F.R.D. at 67 (citation omitted).

### 2. **Inconsistent Obligations.**

Another way in which a party can be a required or necessary party is if the "person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B) and 19(a)(1)(B)(ii). This clause "compels joinder of an absentee to avoid inconsistent *obligations*, and not to avoid inconsistent adjudications. It is not triggered by the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic." 4 Moore's Federal Practice § 19.03[4][d], at 19-59 to 19-60 (emphasis in original)(footnotes omitted). This understanding is reflected in the United States Court of Appeals for the First Circuit's description of the rule:

> "Inconsistent obligations" are not . . . the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum. Unlike a risk of inconsistent obligations, a risk that a defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident -- i.e., a risk of inconsistent adjudications or results -- does not necessitate joinder of all of the parties into one action pursuant to Fed.R.Civ.P. 19(a).

Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998)(citations omitted).

The United States Court of Appeals for the Ninth Circuit has recently adopted the First Circuit's approach to rule 19(a)(1)(B)(ii). See Cachil Dehe Band of Wintun Indians of the Colusa Indian Community v. California, 547 F.3d 962, 976 (9th Cir. 2008). Accordingly, the Ninth Circuit held that there was no risk of inconsistent obligations in a situation in which the State of California might have to adhere to one interpretation of a compact when dealing with particular Indian tribes, while following a different interpretation in its dealings with other tribes, because California could consistently deal with each tribe according to the different judgments. See id. Other circuits, as well as lower courts and leading treatises, have all taken the same approach. See, e.g., Boone v. General Motors Acceptance Corp., 682 F.2d 552, 554 (5th Cir. 1982)(holding that, where "multiple litigation might result . . . [but there is] little possibility of inconsistent obligations," rule 19(a) is not implicated); Field v. Volkswagenwerk AG, 626 F.2d 293, 301 (3d Cir. 1980)(same); Fisherman's Harvest, Inc. v. United States, 74 Fed.Cl. 681, 688-89 (Fed. Cl. 2006)(following Delgado v. Plaza Las Americas, Inc.); 4 Moore's Federal Practice § 19.03[4][d], at 19-59 to 19-61 (stating that inconsistent obligation occur only when a party cannot obey two conflicting order from different courts). While the Tenth Circuit has not devoted extended discussion to inconsistent obligations, it has given, as an example of inconsistent obligations, a hypothetical scenario in which a federal district court orders a defendant to transfer stock to the plaintiff while a state court orders the same defendant to transfer the same stock to a different party who is not involved in the federal litigation. See Salt Lake Tribune Pub. Co., LLC v. AT & T Corp., 320 F.3d at 1098.

## ANALYSIS

While the Court sympathizes with de la Torre's desire not to have to litigate in two different

forums, such results are a necessary byproduct of our federal system. The Federal Rules of Civil Procedure outline limited circumstances in which a federal court should dismiss a case because of the absence of a particular party or parties. The situation here does fit within those narrow boundaries.

To have a case dismissed under rule 19, the movant must clear multiple hurdles. Before the Court can say that the Deaver plaintiffs are parties whose presence is indispensable to the litigation under rule 19(b), they must first be required or necessary parties under rule 19(a)(1). See Sac and Fox Nation of Missouri v. Norton, 240 F.3d at 1258 (noting that courts first must determine if a party is necessary under rule 19(a) before turning to rule 19(b)). De la Torre has failed to clear this first hurdle. The Deaver plaintiffs are not required parties. Accordingly, their absence from this case is no obstacle to the case continuing in federal court.

**I.     THE COURT CAN AFFORD COMPLETE RELIEF AMONG THE EXISTING PARTIES WITHOUT THE DEAVER PLAINTIFFS.**

De la Torre first invokes rule 19(a)(1)(A), which makes parties without whom "the court cannot accord complete relief among existing parties" required or necessary parties to a case. Complete relief is impossible in federal court, de la Torre contends, because it and other parties will endure duplicative litigation from having to defend against similar claims in both federal and state court. This argument misconstrues what is meant by complete relief. Rule 19(a)(1)(A) refers to whether a court can grant a plaintiff complete relief on all the claims it is bringing, and not to whether a defendant can have all the potential claims against it resolved in one proceeding.

A court is able to afford complete relief when a party's absence "does not prevent the plaintiffs from receiving their requested . . . relief." Sac and Fox Nation of Missouri v. Norton, 240 F.3d at 1258. Cases discussing whether complete relief is possible focus on whether a plaintiff, or

-11-

other party asserting an affirmative claim, can be afforded complete relief on its claims. Thus, in Salt Lake Tribune Pub. Co., LLC v. AT & T Corp., the Tenth Circuit analyzed whether the district court could grant the plaintiff all the relief that it was seeking on its claims. See id. at 1097. And in Kansas v. United States, 249 F.3d 1213 (10th Cir. 2001), the Tenth Circuit asked whether the nature of the plaintiff's claims would prevent it from receiving all the relief it sought without additional parties. See id. at 1226. Other circuits follow this same approach. See, e.g., Hammond v. Clayton, 83 F.3d 191, 195 (7th Cir. 1996)(holding that complete relief could be afforded because the claims plaintiff had pled could be satisfied with a damages award against the defendants already in the case); Associated Dry Goods Corp. v. Towers Financial Corp., 920 F.2d at 1124 (2d Cir.)(holding that additional party was necessary to afford counterclaimant complete relief because counter-defendant could not comply with injunction that counterclaimant sought without the consent of an absent party).

  The definition of the word relief also shows that rule 19(a)(1)(A) is concerned with the claims in a case rather than those claims that other parties might assert. "Relief" is "[t]he redress or benefit, esp. equitable in nature (such as an injunction or specific performance), that a party asks of a court." Black's Law Dictionary, at 534 (1996). Those parties asserting claims in this case are those parties seeking relief, and the question is whether the Court can afford those parties the relief they seek on the claims that they have pled. See Champagne v. City of Kansas City, Kan., 157 F.R.D. at 67 (holding that complete relief was concerned with whether the claims of the parties in the case could be satisfied); Moore's Federal Practice § 19.03[2][b], at 19-39 (stating same).

  To support its argument that complete relief is unavailable, de la Torre cites Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030 (9th Cir. 1983). Northrop Corp. v. McDonnell Douglas Corp. did not apply rule 19(a)(1)(A) in a contested setting. The Ninth Circuit noted: "[The

defendant] does not directly contend that the Government's absence would preclude the district court from being able to fashion meaningful relief as between the parties, and we discern no reason for so concluding." Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d at 1043. What little discussion of complete relief that case contains supports the Deaver plaintiffs not fitting within rule 19(a)(1)(A). As the Ninth Circuit stated, the complete-relief factor "is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d at 1043 (emphasis added). Different parties asserting different causes of action over similar subject matter is not the species of duplicative litigation that rule 19(a)(1)(A) attempts to forestall.

Another Ninth Circuit case decided shortly after Northrop Corp. v. McDonnell Douglas Corp. makes this point more clearly. In Puyallup Indian Tribe v. Port of Tacoma, 17 F.2d 1251 (9th Cir. 1983), the defendant sought to join additional parties who had an interest in a riverbed whose title was in dispute. The Ninth Circuit held:

> The essence of an action in ejectment, which this case is, is to settle title between the adverse claimant and the party in possession. The district court can therefore provide complete relief to the parties to this action without joining other parties who might also claim an interest in the same land. Accordingly, Rule 19(a)(1) does not require joinder of the State in this ejectment action, even though the State might in the future challenge the title of the Tribe or the Port to the riverbed.

Puyallup Indian Tribe v. Port of Tacoma, 17 F.2d at 1255.

If a particular claim cannot be fully resolved, that is a basis for a finding that complete relief is not available. For example, in Sac and Fox Nation of Missouri v. Norton, the Tenth Circuit held that an Indian tribe was not a party necessary for affording complete relief in an action involving the Secretary of the Interior's taking of land into trust for the tribe because the plaintiff's claims regarding the proprietary of the Secretary's actions could be resolved without the tribe. See 240

F.3d at 1258. Rule 19(a)(1)(A), however, does not seek to end all litigation over related topics, but only over those claims already in the suit. See Friends of the East Lake Sammamish Trail v. City of Sammamish, 361 F.Supp.2d 1260, 1271 (W.D. Wash. 2005)(finding that, even though absent party "would not be bound by a decision in Defendants['] favor," court could nonetheless "provide complete relief among those already parties to [the] suit").

De la Torre seems to believe that the complete relief to be afforded is that it not have to face multiple lawsuits. The rule, though, focuses on granting complete relief for claims in the case. It thereby protects those named a defendant in a particular claim by ending litigation on that claim. Relief is incomplete when more litigation might be needed before the claim is satisfied or denied in its entirety. The rule does not, however, create a freestanding right to not have to face litigation. In effect, de la Torre is arguing that it has a right to have all potential litigation, brought by whatever party, that might arise out of a related set of facts, resolved in the same case. Rule 19(a)(1)(A) does not create such a right.

Comparing rule 19(a)(1)(A) with rule 19(a)(1)(B)(ii) confirms this point. Following de la Torre's reading of complete relief being about avoiding multiple actions, rule 19(a)(1)(A) would make a person a necessary or required party any time the person might have a claim against someone in an existing lawsuit. Rule 19(A)(1)(B)(ii), which requires that a party be exposed to a substantial risk of inconsistent obligations, would be rendered superfluous. Even if there were no threat of inconsistent obligations, the threat of multiple lawsuits would be enough. Rule 19(a)(1)(A) would swallow rule 19(A)(1)(B)(ii).

Ultimately, de la Torre's arguments seem to confuse rule 19(a)(1)(A) with rule 19(b)(3). Rule 19(b)(3) instructs a court to consider "whether a judgment rendered in the person's absence would be adequate" when determining whether to continue with a case in which a required party

-14-

cannot be joined.  "The concern underlying this factor is not the plaintiff's interest 'but that of the courts and the public in complete, consistent, and efficient settlement of controversies,' that is, the 'public stake in settling disputes by wholes, whenever possible.'"  Davis ex rel. Davis v. United States, 343 F.3d 1282, 1292 (10th Cir. 2003)(quoting Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 111 (1968)).  This concern is what de la Torre is raising.  It is a concern, however, that is but one of the multiple factors that a court balances under rule 19(b) and that comes into play only once a court has found that an absent party is required under rule 19(a).

De la Torre has not argued -- and the Court does not see any sound basis to find -- that the Court cannot conclusively resolve the claims currently in this case.  Not having the Deaver plaintiffs in this case would not prevent the Court from conclusively adjudicating the rights and liabilities among the parties already in this case.  Rule 19(a)(1)(A) is inapplicable here.

**II.    THE DEAVER PLAINTIFFS DO NOT NEED TO BE PARTIES TO AVOID THE POSSIBILITY OF INCONSISTENT OBLIGATIONS.**

As an alternative basis for finding the Deaver plaintiffs to be necessary to this case, de la Torre contends that they are required parties under rule 19(a)(1)(B)(ii). Rule 19(a)(1)(B)(ii) covers any person "who claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  De la Torre contends that it will be exposed to such inconsistent obligations because this Court might find de la Torre not liable for defects in this case, while it is held liable to the Deaver plaintiffs for the same defects in the state court case.  The first prong of the rule, whether the prospective party has an interest in the subject matter of the action, is broad and the Deaver plaintiffs appear to meet the description.  De la Torre's argument, however, falters on the second prong of the

-15-

rule. Inconsistent obligations is a different and narrower concept that inconsistent verdicts, and there is no substantial risk of inconsistent obligations here.

The First Circuit has given a good summation of the inconsistent obligations with which rule 19(a)(1)(B)(ii) is concerned:

> "Inconsistent obligations" are not . . . the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum. Unlike a risk of inconsistent obligations, a risk that a defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident -- i.e., a risk of inconsistent adjudications or results -- does not necessitate joinder of all of the parties into one action pursuant to Fed.R.Civ.P. 19(a).

Delgado v. Plaza Las Americas, Inc., 139 F.3d at 3 (citations omitted). The Ninth Circuit has recently expressly adopted the First Circuit's approach to rule 19(a)(1)(B)(ii). See Cachil Dehe Band of Wintun Indians of the Colusa Indian Community v. California, 547 F.3d at 976. Following the First Circuit's approach, the Ninth Circuit held that there was no risk of inconsistent obligations in a situation in which the State of California might have to adhere to one interpretation of a compact when dealing with particular Indian tribes, while following a different interpretation in its dealings with other tribes, because California could consistently deal with each tribe according to the different judgments. See id. Other circuits, as well as lower courts and leading treatises, have all taken the same approach. See, e.g., Boone v. General Motors Acceptance Corp., 682 F.2d at 554 (holding that, where "multiple litigation might result . . . [but there is] little possibility of inconsistent obligations," rule 19(a) is not implicated); Field v. Volkswagenwerk AG, 626 F.2d at 301(same); Fisherman's Harvest, Inc. v. United States, 74 Fed.Cl. At 688-89 (following Delgado v. Plaza Las Americas, Inc.); 4 Moore's Federal Practice § 19.03[4][d], at 19-59 to 19-61 (stating

that inconsistent obligation occur only when a party cannot obey two conflicting order from different courts).

The Tenth Circuit has not devoted extended discussion to inconsistent obligations under rule 19(a). One recent case, however, gives an example of inconsistent obligations indicating that the Tenth Circuit's view is in line with that of other courts and scholars. The Tenth Circuit constructed, as an example of inconsistent obligations, a hypothetical scenario in which a federal district court orders a party to transfer stock to the plaintiff while a state court orders the same party to transfer the same stock to a different party who is not involved in the federal litigation. See Salt Lake Tribune Pub. Co., LLC v. AT & T Corp., 320 F.3d at 1098.

The definition of inconsistent obligations is thus fairly uniform, among both courts and commentators. Rule 19(a)(1)(B)(ii) does not attempt to stop different courts from rendering inconsistent judgments, but rather is aimed at ensuring that parties are not subject to conflicting commands from different courts. A party winning in one forum, but losing in another forum against a different party on claims stemming from the same incident, does not fall within the scope of the rule. In that situation, there may be some logical inconsistency between the two results, but the party can abide by both judgments at the same time. In other words, the party can fulfill its obligations under both orders. Rule 19(a)(1)(B)(ii) is concerned with the more fundamental clash of court orders that occurs when a party is subject to two judgments which it cannot obey simultaneously -- such as being ordered to give the same property to two different people. See Salt Lake Tribune Pub. Co., LLC v. AT & T Corp., 320 F.3d at 1098. Thus, "sequential claims for damages" and similar situations "do not inflict the relevant harm" that the rule is to prevent. 4 Moore's Federal Practice § 19.03[4][d], at 19-60.

Here, de la Torre's concerns fall within the category of concerns outside rule 19(a)(1)(B)(ii).

-17-

De la Torre's arguments all relate to the threat of multiple litigation, not inconsistent obligations. Even if de la Torre were to prevail in federal court, and then lose to the Deaver plaintiffs on essentially the same facts in state court -- a situation that could occur even if the claims were litigated in one case -- a federal judgment in de la Torre's favor against the parties in this case and a state court judgment ordering de la Torre to pay damages to the Deaver plaintiffs would not saddle de la Torre with inconsistent obligations. De la Torre could comply with both the state and federal rulings.

De la Torre's arguments on both rule 19(a)(1)(A) and (a)(1)(B)(ii) ultimately construe those provisions as being broader than those provisions can be reasonably interpreted. The possibility of multiple litigation, and nothing more, is not enough to bring rule 19(a) to bear. Only certain narrow circumstances are within the ambit of rule 19(a), and this case does not present such circumstances. The Deaver plaintiffs are therefore not required parties in this federal litigation. Without being required or necessary parties, they cannot be indispensable parties, and this case may move forward without them.

**IT IS ORDERED** that the Motion for Reconsideration is denied.

                                          _____
                                          UNITED STATES DISTRICT JUDGE

*Counsel*:

Donald A. Walcott
Holly Hart
Kris Knutson
Scheuer, Yost & Patterson
Santa Fe, New Mexico

      *Attorneys for Plaintiff and Counter-Defendant Wheeler Peak, LLC*

Scott P. Hatcher
Hatcher & Tebo PA
Santa Fe, New Mexico

> *Attorneys for Proposed Intervenor-Plaintiffs American Hallmark Insurance Company of Texas and Clarendon National Insurance Company*

Alan Maestas
Lee Boothby
Maestas Baker Boothby & Warren, P.C.
Taos, New Mexico

-- and --

Tim L. Fields
Samuel L. Winder
Brian K. Nichols
Cristin M. Heyns
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

> *Attorneys for Defendant, Counterclaimaint, and Third-Party Plaintiff L.C.I.2, Inc.*

Todd Schwarz
H. Brook Laskey
Bryan Hatherly
Miller Stratvert, P.A.
Albuquerque, New Mexico

> *Attorneys for Third-Party Defendant and Third-Party Plaintiff Donner Plumbing and Heating Inc.*

Robert J. Perovich
Mariposa Padilla Sivage
Tina Muscarella Gooch
Keleher & McLeod
Albuquerque, New Mexico

> *Attorneys for Third-Party Defendant De La Torre Architects, P.A., A.I.A.*

Steven L. Gonzales
Anita M. Kelley
Silva, Saucedo & Gonzales, P.C.
Albuquerque, New Mexico

>   *Attorney for Third-Party Defendant Parker Excavating, Inc.*

Robert Bruce Collins
Holly R. Harvey
Law Office of Robert Bruce Collins
Albuquerque, New Mexico

>   *Attorneys for Third-Party Defendant JC Constructors, Inc.*

Michael S. Jahner
Yenson, Lynn, Allen & Wosick, P.C.
Albuquerque, New Mexico

-- and --

J. Michael Roberts
Jason R. Scott
Shook Hardy & Bacon LLP
Kansas City, Kansas

>   *Attorneys for Third-Party Defendant Simplex Grinnell, LP*

Julie J. Vargas
Hunt & Davis, P.C.
Albuquerque, New Mexico

>   *Attorneys for Third-Party Defendants David Born, Carl Davis, Lisa Davis,*
>      *Melissa Deaver-Rivera, Kathy Diklich, Roy Diklich, Joseph Forbess,*
>      *Lisa Forbess, Phyllis Galanthay, Ted Galanthay, Angela Nix, and Kent Nix*