**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WHEELER PEAK, LLC
an Illinois limited liability company,

        Plaintiff,

vs.                                                                                                          No. CIV 07-1117 JB/WDS

L.C.I.2, INC., a New Mexico Corporation,

        Defendant.

L.C.I.2, INC., a New Mexico Corporation,

        Counterclaimant,

vs.

WHEELER PEAK, LLC,
an Illinois limited liability company,
KMG, INC., an Illinois Corporation, and
KEITH GILES, an individual,

        Counter-Defendants.

L.C.I.2, INC., a New Mexico Corporation,

        Third-Party Plaintiff,

vs.

DONNER PLUMBING AND HEATING, INC.;
JC CONSTRUCTORS, INC., and DE LA
TORRE ARCHITECTS, P.A., A.I.A., and
Simplex Grinnell, LP, Melissa Deaver-Rivera,
Carl Davis and Lisa Davis, husband and wife,
David Borns, Roy Diklich and Kathy Diklich,
husband and wife, Kent Nix and Angela Nix,
husband and wife, Joseph Forbess and Lisa Forbess,
husband and wife, and Ted Galanthay and Phyllis Galanthay,
husband and wife,

        Third-Party Defendants.

DONNER PLUMBING AND HEATING, INC.,

       Third-Party Plaintiff,

vs.

PARKER EXCAVATING, INC.,

       Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Intervenor-Plaintiffs American Hallmark Insurance Company of Texas and Clarendon National Insurance Company's Motion to Intervene and Assert Claims in Subrogation, filed July 6, 2009 (Doc. 269). The Court held hearings on August 18, 2009 and September 17, 2009. The primary issue is whether the Court should allow Intervenor-Plaintiffs American Hallmark Insurance Company and Clarendon National Insurance Company (collectively "Intervenors") to intervene in this suit. Because the claims by the Intervenors share common questions of fact and law with Plaintiff Wheeler Peak, LLC's claims, because the Court has vacated the previously established trial setting, and because the parties all concede that it makes sense to try the Intervenors' claims in the same proceeding, the Court will grant the Intervenors' motion.

## FACTUAL BACKGROUND

On November 29, 2004, Wheeler Peak and Defendant L.C.I.2, Inc. ("LCI2") entered into a contract to construct three condominium buildings in the Kachina Village Subdivision in Taos Ski Valley, New Mexico. See First Amended Complaint for Breach of Contract, Breach of Warranty, Negligence, and Unfair Practices ¶ 16, at 4, filed June 15, 2009 (Doc. 243)("Amended Complaint"). The three buildings have allegedly suffered from underground water and sewer line leaks, iron contamination of the domestic water supply, a propane line being sheared by snow falling from a

roof, and flooding from freezing pipes.  See Response in Opposition to Motion to Intervene and Assert Claims in Subrogation at 2, filed July 24, 2009 (Doc. 285)("LCI2's Response").  According to the Intervenors, Wheeler Peak had insurance with the Intervenors on these condominium properties and made claims on that policy for the harm that the incidents caused.  See Motion ¶¶ 3-4, at 1-2.  Nevertheless, based on these incidents, Wheeler Peak sued LCI2 for breach of contract, breach of warranty, negligence, and violation of the New Mexico Unfair Practices Act.  See Complaint for Breach of Contract, Breach of Warranty, Negligence and Unfair Practices ¶¶ 25-47, at 5-7, filed November 6, 2007 (Doc. 1).  Since that time, many other parties have been joined by counterclaims and third party complaints.  Now the Intervenors come knocking on the courthouse door, asking to enter the suit.

## PROCEDURAL BACKGROUND

On July 6, 2009, the Intervenors moved the Court, pursuant to rule 24(a) and (b) of the Federal Rules of Civil Procedure, to intervene in this case.  See Motion at 7-8.  Four parties filed responses opposing the intervention.  First, Third-Party Defendant Donner Plumbing and Heating, Inc. opposed the intervention on the grounds that the intervention is untimely and would prejudice the existing parties to the suit, and that denying the motion would not prejudice the Intervenors' interest because Wheeler Peak adequately represents those interests.  See Third-Party Defendant Donner Plumbing and Heating, Inc.'s Response in Opposition to American Hallmark Insurance Company of Texas and Clarendon National Insurance Company's Motion to Intervene at 4-8, filed July 20, 2009 (Doc. 281)("Donner's Response").  Next, Third-Party Defendant de la Torre Architects P.A., A.I.A. agreed that the motion to intervene was untimely, but argued the Intervenors' claims arose from the same subject matter as the underlying suit and should be litigated in the same case.  See de la Torre Architects' Response to Motion to Intervene ¶ 1-2, at 2, filed July 21, 2009

(Doc. 282)("de la Torre's Response"). De la Torre therefore opposed the motion only if it was not given adequate time for discovery regarding the Intervenors' claims. See id. ¶¶ 2, 4, at 2. On July 25, 2009, Defendant, Counter-Plaintiff and Third-Party Plaintiff LCI2 opposed the motion on the same grounds as Donner Plumbing -- that the motion was untimely, would unduly prejudice the existing parties, and that Wheeler Peak's claims adequately protect the Intervenors' interests. See LCI2's Response at 4-8. Finally, Third-Party Defendant Simplex Grinnell, LP opposed the intervention on the same grounds as LCI2 and Donner Plumbing, but added that it believed that the Intervenors have waived their rights of subrogation. See Third-Party Defendant Simplex Grinnell LP's Response in Opposition to American Hallmark Insurance Company of Texas and Clarendon National Insurance Company's Motion to Intervene at 2, filed July 24, 2009 (Doc. 286)("Simplex Grinnell's Response").

The Court held a hearing on this motion on August 18, 2009, at the same time it heard argument on Third-Party Defendant Parker Excavating, Inc.'s motion to continue the trial setting. See Motion by Fourth-Party Defendant Parker Excavating, Inc., for Continuance of Trial Setting, filed August 13, 2009 (Doc. 311). At the hearing, each of the parties who had initially opposed the intervention clarified that its primary concern was of the prejudice that adding the Intervenors' claims so close to a firm trial date would cause. They each indicated that, if the trial were not set so near -- approximately one month from the date of the hearing -- they would agree that it makes sense to try the Intervenors' claims in the same suit as the claims of the joined parties. See Transcript of Hearing at 13:24-14:3 (taken August 18, 2009)[1](Schwarz, for Donner Plumbing) ("THE COURT: Do you really have any opposition to them coming into the case if I were to grant

---

[1] The Court's citations to the transcripts refer to the court reporter's original, unedited versions. The final transcripts may contain slightly different page and/or line numbers.

the continuance? [MR. SCHWARZ:] [N]o, Your Honor."); id. at 16:23-17:1 (Heyns, for LCI2) ("THE COURT: Well you agree with Mr. Schwarz that if we were at square one these claims, the insurance companies' would be best litigated all in one case? [MS. HEYNS:] [Y]es I believe so . . . ."; id. at 21:14-24 (Roberts, for Simplex Grinnell) ("THE COURT: . . . At square one, does it make sense to litigate thes[e] together rather than have them in two separate lawsuits[?] [MR. ROBERTS:] absolutely."); id. at 26:18-27:2 (Perovich, for de la Torre Architects) ("MR. PEROVICH: . . . We certainly don't want three trials we also agree this should be in one action.").[2] Furthermore, in the September 17, 2009 hearing, the Court inquired whether any parties still opposed the motion to intervene. See Transcript of Hearing at 4:7-5:18 (taken September 17, 2009). At that hearing, the only remaining opposition was by Simplex Grinnell, which was represented by attorney Stan Sexton. See id. at 4:22-5:3 (Sexton). Mr. Sexton's only concern centered on any prejudice that might be caused if the intervention were granted but the existing parties denied additional discovery. See id. As the Court continues to work with the parties to ensure an equitable amount of discovery regarding the Intervenors' claims, it considers this motion more-or-less unopposed.

Since the hearing on August 18, 2009, the Court has granted Fourth-Party Defendant Parker Excavating, Inc.'s motion to continue the trial setting. See Order, filed August 27, 2009 (Doc. 349). There is no current date set for the trial in this case, and the parties are in the midst of discussing new discovery deadlines and the possibility of another firm trial setting.

---

[2] At the August 18, 2009 hearing, attorney Donald Walcott, representing Wheeler Peak, explained that, while Wheeler Peak did not object to the intervention, it opposed the granting of intervention if that also required the Court to move the trial setting back. See Hearing at 12:19-13:13 (Walcott). The Court has since granted the motion to continue the trial setting, see Order, filed August 27, 2009 (Doc. 349), at which Wheeler Peak ultimately directed its opposition, and will thus assume that Wheeler Peak has no other objection to the intervention.

## ANALYSIS

The Court agrees that it makes sense to include the Intervenors' claims in this case. Because a district court's discretion in allowing parties to intervene is broad and the continuation of the trial date lessens any prejudice to existing parties, the Court will grant the motion.

Rule 24 lays down the procedures for intervention. Subsection (b) states that: "On timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). The Court interprets this provision to allow permissive intervention when: "(i) the application to intervene is timely; (ii) the applicant's claim or defense and the main action have a question of law or fact in common; and (iii) intervention will not unduly delay or prejudice the adjudication of the original parties' rights." Forest Guardians v. U.S. Dept. of Interior, No. CIV-02-1003 JB/WDS, 2004 WL 3426413, at *10 (D.N.M. Jan. 12, 2004).[3]

### A.   TIMELINESS.

Whether under rule 24(a) or 24(b), a motion requesting intervention must be timely. Timeliness is assessed "in light of all of the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." American Assoc. of People with Disabilities v. Herrera, 257 F.R.D. 236, 245 (D.N.M. 2008)(quoting Utah Assoc. of Counties v. Clinton, 255 F.3d 1246, 1250 (10th Cir. 2001)). The Court should deny intervention when the "case is near its end stage, and allowing a party to intervene would cause undue prejudice and delay in the proceeding."

---

[3] While intervention under subsection (a) is a matter of right, "the decision whether to grant permissive intervention resides largely in the discretion of the district court." Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 382 n.1 (1987). The Court will not analyze whether the Intervenors have a right to intervene, as the Court will allow them to intervene in any event.

American Assoc. of People with Disabilities v. Herrera, 257 F.R.D. at 245.

Most of the opposition to the Intervenors' motion was based on untimeliness. They asserted that the suit had been ongoing for approximately two years, giving the Intervenors ample time to file this motion. See LCI2's Response at 5; de la Torre's Response ¶ 1, at 2; Simplex Grinnell's Response ¶ 2, at 2; Donner's Response at 4-5. Nevertheless, they argue, the Intervenors waited until trial was just over one month away to intervene. See id. In response, the Intervenors contend that they only recently became aware of the suit -- and that, therefore, their subrogation rights might be in jeopardy -- so their motion to intervene was timely. See Reply at 3-4.

In support of their argument that their motion was timely, the Intervenors attach an affidavit of Valerie Eitzman, a Claims Manager at Effective Claims Management, Inc. See Reply of American Hallmark Insurance Company of Texas and Clarendon National Insurance Company in Support of Their Motion to Intervene and Assert Claims in Subrogation Exhibit A ¶ 2, at 1, filed August 5, 2009 (Doc. 302-2)("Reply"). Eitzman states that the Intervenors retained a subrogation recovery company in March of 2008, and that the company did not inform the Intervenors of the existence of this suit, filed by its insured, until April 9, 2009. See id. ¶¶ 4-5, at 1-2. Further, she states, the Intervenors attempted to contact Mr. Walcott to inquire whether he might represent them in this matter, but did not speak with him until May 15, 2009. See id. ¶ 5-6, at 2. The Intervenors and Mr. Walcott disagreed whether he should receive hourly or contingency-fee compensation. See id. ¶ 6, at 2. The Intervenors contacted Hatcher & Tebo, P.A. -- their current counsel -- on June 5, 2009. See id. ¶ 7, at 2. Mr. Hatcher reviewed the "voluminous" record and filed the motion to intervene on July 6, 2009. Reply at 3. Given the truncated timeline on which the Intervenors were working, it appears that they acted diligently to timely file their motion. This time schedule demonstrates that the Intervenors moved expediently.

**B.     COMMON QUESTIONS OF LAW OR FACT.**

The Intervenors' claims involve common questions of fact with the claims that Wheeler Peak asserts. The Intervenors allege that Wheeler Peak's insurance policy required them to pay out sums for property damages that was allegedly LCI2's fault. In its suit in subrogation, the Intervenors step into the shoes of Wheeler Peak with respect to the claims for which they paid out and must prove that LCI2 caused the losses suffered by Wheeler Peak. See Amica Mut. Ins. Co. v. Maloney, 120 N.M. 523, 528, 903 P.2d 834, 839 (1995)("Ordinarily the right of subrogation allows an insurer who has fully compensated the insured to step into the shoes of the insured and collect what it has paid from the wrongdoer."). As a necessary part of the Intervenors' claims, then, the issue whether LCI2 was at fault for those damages must be resolved. In other words, if there is a second suit on the Intervenors' subrogation claims, the Intervenors may have to prove something that Wheeler Peak will have already proved -- or failed to prove -- in this case. It makes sense that the facts will be litigated once, in one place.

**C.     UNDUE PREJUDICE TO ADJUDICATION OF ORIGINAL PARTIES' RIGHTS.**

The Court has vacated the trial setting since the filing of these responses. Thus, the time pressure of which Simplex Grinnell, LCI2, Donner Plumbing, and de la Torre complained has been largely eliminated. The only remaining concern is whether the parties will have enough time for identification of experts and to commence discovery regarding the subrogation claims. The Court will work with the parties to come up with a discovery timeline that is equitable to all parties, but finds that with such an extension of the discovery timeline, there would be no substantial prejudice to the rights of the original parties. For these reasons, the Court will allow the Intervenors to intervene in this case.

**IT IS ORDERED** that the American Hallmark Insurance Company of Texas and Clarendon National Insurance Company's Motion to Intervene and Assert Claims in Subrogation is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Donald A. Walcott
Holly Hart
Kris C. Knutson
Scheuer, Yost & Patterson
Santa Fe, New Mexico

>  *Attorneys for Plaintiff and Counter-Defendant Wheeler Peak, LLC*

Scott P. Hatcher
Hatcher & Tebo, P.A.
Santa Fe, New Mexico

>  *Attorneys for Proposed Intervenor-Plaintiffs American Hallmark Insurance Company of Texas and Clarendon National Insurance Company*

Alan Maestas
Lee Boothby
Maestas Baker Boothby & Warren, P.C.
Taos, New Mexico

-- and --

Tim L. Fields
Samuel L. Winder
Brian K. Nichols
Cristin M. Heyns
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

>  *Attorneys for Defendant, Counterclaimaint, and Third-Party Plaintiff L.C.I.2, Inc.*

Todd Schwarz
H. Brook Laskey
Bryan Hatherly
Miller Stratvert, P.A.
Albuquerque, New Mexico

>   *Attorneys for Third-Party Defendant and Third-Party Plaintiff*
>     *Donner Plumbing and Heating Inc.*

Robert J. Perovich
Mariposa Padilla Sivage
Tina Muscarella Gooch
Keleher & McLeod
Albuquerque, New Mexico

>   *Attorneys for Third-Party Defendant De La Torre Architects, P.A., A.I.A.*

Steven L. Gonzales
Anita M. Kelley
Silva, Saucedo & Gonzales, P.C.
Albuquerque, New Mexico

>   *Attorney for Third-Party Defendant Parker Excavating, Inc.*

Robert Bruce Collins
Holly R. Harvey
Law Office of Robert Bruce Collins
Albuquerque, New Mexico

>   *Attorneys for Third-Party Defendant JC Constructors, Inc.*

Michael S. Jahner
Yenson, Lynn, Allen & Wosick, P.C.
Albuquerque, New Mexico

-- and --

J. Michael Roberts
Jason R. Scott
Shook Hardy & Bacon, LLP
Kansas City, Kansas

>   *Attorneys for Third-Party Defendant Simplex Grinnell, LP*

Julie J. Vargas
Hunt & Davis, P.C.
Albuquerque, New Mexico

> *Attorneys for Third-Party Defendants David Born, Carl Davis, Lisa Davis,*
>   *Melissa Deaver-Rivera, Kathy Diklich, Roy Diklich, Joseph Forbess,*
>   *Lisa Forbess, Phyllis Galanthay, Ted Galanthay, Angela Nix, and Kent Nix*