Case 1:07-cv-01117-JB-WDS   Document 476   Filed 01/25/10   Page 1 of 11

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WHEELER PEAK, LLC,
an Illinois limited liability company,

   Plaintiff,

vs.                    No. CIV 07-1117 JB/WDS

L.C.I.2, INC., a New Mexico Corporation,

   Defendant.

L.C.I.2, INC., a New Mexico Corporation,

   Counterclaimant,

vs.

WHEELER PEAK, LLC,
an Illinois limited liability company,
KMG, INC., an Illinois Corporation, and
KEITH GILES, an individual,

   Counter-Defendants.

L.C.I.2, INC., a New Mexico Corporation,

   Third-Party Plaintiff,

vs.

DONNER PLUMBING AND HEATING, INC.,
JC CONSTRUCTORS, INC., and DE LA
TORRE ARCHITECTS, P.A., A.I.A., and
Simplex Grinnell, LP, Melissa Deaver-Rivera,
Carl Davis and Lisa Davis, husband and wife,
David Borns, Roy Diklich and Kathy Diklich,
husband and wife, Kent Nix and Angela Nix,
husband and wife, Joseph Forbess and Lisa Forbess,
husband and wife, and Ted Galanthay and Phyllis Galanthay,
husband and wife,

   Third-Party Defendants.

DONNER PLUMBING AND HEATING, INC.,

        Third-Party Plaintiff,

vs.

PARKER EXCAVATING, INC.,

        Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Plaintiff in Intervention's Motion to Intervene and Assert Claim, filed September 15, 2009 (Doc. 363); and (ii) Linda Holley's Motion for Leave to Amend Its First Amended Complaint to Add Additional Damages, filed November 1, 2009 (Doc. 411). The Court held a hearing November 23, 2009. The primary issue is whether Plaintiff in Intervention Linda Holley's intervention will unduly delay or prejudice the adjudication of the original parties' rights. The Court, after careful review of the record and the parties' arguments, will deny Holley's motion to intervene and will deny as moot Holley's motion for leave to amend her first amended complaint.

## FACTUAL BACKGROUND

Plaintiff Wheeler Peak, LLC and Defendant LCI2, Inc. entered into a contract for the construction of buildings at the Wheeler Peak Condominium in Taos Ski Valley. See Complaint for Breach of Contract, Breach of Warranty, Negligence and Unfair Practices ¶ 6, at 2, filed November 6, 2007 (Doc. 1)("Complaint"). LCI2 allegedly failed to substantially complete construction by the deadline in the contract. See Complaint ¶ 8, at 2. Because of leaks in the sewage and domestic water systems, the Village of Taos Ski Valley revoked the certificates of occupancy, thereby requiring residents to vacate the condominium. See id. ¶ 10, at 3. As a consequence of the revocation of the certificates of occupancy, potential buyers terminated their purchase agreements.

See id. ¶ 12, at 3.  Wheeler Peak also alleges that LCI2's defective construction caused contamination of the domestic water system, a fire, flooding from improperly insulated water lines, and other money damages Wheeler Peak incurred in correcting various construction defects and deficiencies.  See id. ¶¶ 16-23, at 3-4.

Holley entered into preconstruction real estate contracts with Wheeler Peak for the purchase of two units at the Wheeler Peak Condominium.  See Third Party Plaintiff Linda Holley's Second Amended Complaint for Breach of Contract, Negligence, and Unfair Practices ¶¶ 9-10, at 3, filed November 23, 2009 (Doc. 429).  Holley alleges that, because LCI2 did not substantially complete construction of the two units by May 25, 2005, she suffered damages in the form of a tax penalty, loss of use, travel expenses, financing and advertising costs, diminution of property value, emotional distress and personal injury, and other costs.  See id. ¶¶ 12-13, at 3, at 11, and Exhibit A to Holley's Second Amended Complaint.

## PROCEDURAL BACKGROUND

Wheeler Peak filed its Complaint for Breach of Contract, Breach of Warranty, Negligence and Unfair Practices on November 6, 2007.  See Doc. 1.  Holley, acting pro se and acting without the Court's prior permission, filed a complaint as a third-party plaintiff on August 12, 2009, asserting claims against LCI2 for breach of contract, breach of warranty, negligence, and unfair practices.  See Doc. 307.  She filed her First Amended Complaint on August 25, 2009, asserting the same claims.  See Doc. 339.  On September 14, 2009, LCI2 filed Defendant LCI2, Inc.'s Motion to Dismiss and/or Strike Third-Party Plaintiff Linda Holley's First Amended Complaint for Breach of Contract, Breach of Warranty, Negligence, and Unfair Practices.  See Doc. 362.  In the motion, LCI2 argued that the Court should strike or dismiss Holley's First Amended Complaint because she violated rule 24 of the Federal Rules of Civil Procedure by not seeking judicial permission before

filing her pleadings, see Fed. R. Civ. P. 24 ("On timely motion . . . ."), and that the Court should not allow Holley to intervene because her attempt was untimely and because LCI2 would be prejudiced if the Court granted intervention. See id. at 3-4.

Holley filed a Motion to Intervene and Assert Claim on September 15, 2009. See Doc. 363. LCI2 filed its response to Holley's motion to intervene on September 29, 2009. See Doc. 382. On September 30, 2009, Fourth-Party Defendant Parker Excavating, Inc. filed a short notice that it joined in LCI2's opposition to Holley's motion to intervene. See Doc. 383. The Court held a hearing on Holley's motion to intervene on November 23, 2009. See Clerk's Minutes at 1, filed November 23, 2009 (Doc. 433). Holley submitted Third Party Plaintiff Linda Holley's Second Amended Complaint for Breach of Contract, Negligence, and Unfair Practices, see Doc. 429, to the Court at the November 23, 2009 hearing, and requested that the Court treat that document as her operative pleading.

At the hearing, Holley told the Court that she did not oppose LCI2's motion to strike her First Amended Complaint, because the Court was considering her motion to intervene and her Second Amended Complaint. See Hearing Transcript at 225:18-226:4 (taken November 23, 2009) ("Tr.")(Court, Holley). The Court therefore granted the motion by a Memorandum Opinion and Order filed January 14, 2010. See Doc. 460. Holley, pro se, and Cristin Heyns, attorney for LCI2 argued the motion to intervene. The other parties declined to argue in favor of, or opposition to, the motion. See Tr. at 236:6-9 (Court, Walcott).

## LAW REGARDING INTERVENTION

Rule 24 of the Federal Rules of Civil Procedure provides for intervention of right or permissive intervention on timely motion:

**(a) Intervention of Right.** On timely motion, the court must permit anyone to

intervene who:

**(1)** is given an unconditional right to intervene by a federal statute; or

**(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

**(b) Permissive Intervention.**

**(1)** *In General*. On timely motion, the court may permit anyone to intervene who:

**(A)** is given a conditional right to intervene by a federal statute; or

**(B)** has a claim or defense that shares with the main action a common question of law or fact.

**(2)** *By a Government Officer or Agency*. On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:

**(A)** a statute or executive order administered by the officer or agency; or

**(B)** any regulation, order, requirement, or agreement issued or made under the statute or executive order.

**(3)** *Delay or Prejudice*. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(a) and (b)(bold and italics in original). The movant bears the burden of establishing its right to intervene. See United States v. Tex. E. Transmission Corp., 923 F.2d 410, 414 (5th Cir. 1991).

"The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1250 (10th Cir. 2007). "Unusual circumstances" refers

to those circumstances that would excuse the untimely filing of a motion to intervene.  See In re SEC, 296 Fed. Appx. 637, 640 (10th Cir. 2008).

In the absence of an unconditional, federal statutory right to intervene, a movant must satisfy the following three criteria to qualify for intervention of right: (i) the movant must have an interest in the subject matter of the litigation; (ii) the movant's interest will be impaired or impeded if movant is not allowed to intervene; and (iii) the existing parties to the litigation will not adequately represent the movant's interest.  See Fed. R. Civ. P. 24(a)(2).  "To satisfy [the impairment] element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied.  This burden is minimal."  WildEarth Guardians v. United States Forest Service, 573, F.3d 992, 995 (10th Cir. 2009)("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.").  "Although the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of the litigation."  San Juan County, Utah v. United States, 503 F.3d 1163, 1203 (10th Cir. 2007).

## ANALYSIS

Holley contends that her motion to intervene is timely because Wheeler Peak and LCI2 failed to inform her of the pendency of this case.  See Motion ¶ 1, at 5.  Holley also contends that her intervention will not prejudice to existing parties or delay this case.  See id. ¶ 4, at 6.  LCI2 opposes the motion on the grounds that: (i) Holley has a superior forum in the state-court action to protect her interest, and (ii) intervention would prejudice LCI2.

Holley argues that her motion is timely because very little time passed between when she found out about the case and when she filed her motion to intervene.  Holley states that she found

out about this case in August 2009. See Motion at 5. Holley filed her Motion to Intervene and Assert Claim on September 15, 2009. See Doc. 363. LCI2 does not dispute that Holley filed her motion to intervene very shortly after she found out about the case. See Defendant LCI2, Inc.'s Response to Linda Holley's Motion to Intervene and Assert Claim, filed September 29, 2009 (Doc. 382)("Response").

Holley also believes that there are unusual circumstances that weigh in favor of her intervening in this case. See Hearing Transcript at 231:1-2 (taken November 23, 2009) ("Tr.") (Holley).[1] Those circumstances are: (i) Holley is not suing the developer as the other owners in the state case are; and (ii) the people of the Town of Taos resent out-of-state developers. See Tr. at 231:3-15 (Holley).

LCI2 asserts that denying Holley's motion to intervene will not prejudice Holley because she has a superior forum in state court. See Response at 2-5. LCI2 contends that Holley's claims are consistent with and should be litigated with the claims of the owners in the state case. See id. LCI2 states that "discovery in the state court action has only begun." Id. at 4. Holley does not believe her claims should be in the state case, because she "believe[s] that the federal level is the best tribunal for [her] case because it's a complex case and [she] think[s] that this Court has a better ability to understand all of the interactions and all of the complaints of all of the parties." Tr. at 230:15-18 (Holley).

LCI2 argues that adding Holley's claims in this case would complicate discovery, because her claims are unlike any of the other party's claims and would require further discovery on the part

---

[1] The Court's citations to the transcript of the November 23, 2009 hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

of LCI2 and potentially other defendants. See Response at 4-5; see Tr. at 235:18-25. The Court has reviewed the second amended complaint that Holley submitted during the hearing, see Tr. at 238:17-19 (Court), and agrees with LCI2 that adding Holley's claims would require additional discovery, see Tr. at 239:9-10. The initial termination date for discovery in this case was December 10, 2008, see Scheduling Order at 2, filed July 15, 2008 (Doc. 65), which the Court later reset to August 31, 2009, see First Amended Scheduling Order at 2, filed May 20, 2009 (Doc. 219), and reset yet again to January 31, 2010, see Second Amended Scheduling Order at 2, filed December 22, 2009 (Doc. 450).

Holley did not meet her burden of establishing she is qualified for intervention of right under rule 24(a). While Holley may believe that this Court has a better ability, as compared to the state court, to understand the case, she has not presented any argument, proffered any evidence or otherwise demonstrated to the Court that her interest is contingent upon the outcome of the litigation or that denying her motion to intervene will impair or impede her ability to protect her interest. The Court concludes that Holley does not have a right to intervene in this case.

The Court will also deny Holley's request for permissive intervention under rule 24(b). Rule 24(b)(3) requires that the Court consider whether Holley's intervention will unduly delay or prejudice the adjudication of the original parties' rights. The Court has already extended the initial deadline for discovery by over a year to January 31, 2010. Granting Holley's request for permissive intervention at this late stage in the case would require that the Court extend the discovery deadline yet again which would unduly delay the adjudication of the existing parties' rights.

Because it is denying Holley's motion to intervene, the Court will deny Holley's motion for leave to amend her first amended complaint as moot. Besides, Holley told the Court at the hearing that she wanted the Court to consider the Second Amended Complaint as her operative pleading,

which the Court has done in reaching its decision.

**IT IS ORDERED** that Linda Holley's Motion to Intervene and Assert Claim and Motion for Leave to Amend Its First Amended Complaint to Add Additional Damages are denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Donald A. Walcott
Holly Hart
Kris C. Knutson
Scheuer, Yost & Patterson
Santa Fe, New Mexico

    *Attorneys for Plaintiff and Counter-Defendant Wheeler Peak, LLC*

Scott P. Hatcher
Hatcher & Tebo, P.A.
Santa Fe, New Mexico

    *Attorneys for Proposed Intervenor-Plaintiffs American Hallmark Insurance Company of Texas and Clarendon National Insurance Company*

Alan Maestas
Lee Boothby
Maestas Baker Boothby & Warren, P.C.
Taos, New Mexico

-- and --

Tim L. Fields
Samuel L. Winder
Brian K. Nichols
Cristin M. Heyns
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant, Counterclaimaint, and Third-Party Plaintiff L.C.I.2, Inc.*

Todd Schwarz
H. Brook Laskey
Bryan Hatherly
Miller Stratvert, P.A.
Albuquerque, New Mexico

    *Attorneys for Third-Party Defendant and Third-Party Plaintiff*
       *Donner Plumbing and Heating Inc.*

Robert J. Perovich
Mariposa Padilla Sivage
Tina Muscarella Gooch
Keleher & McLeod
Albuquerque, New Mexico

    *Attorneys for Third-Party Defendant De La Torre Architects, P.A., A.I.A.*

Steven L. Gonzales
Anita M. Kelley
Silva, Saucedo & Gonzales, P.C.
Albuquerque, New Mexico

    *Attorney for Third-Party Defendant Parker Excavating, Inc.*

Robert Bruce Collins
Holly R. Harvey
Law Office of Robert Bruce Collins
Albuquerque, New Mexico

    *Attorneys for Third-Party Defendant JC Constructors, Inc.*

Michael S. Jahner
Yenson, Lynn, Allen & Wosick, P.C.
Albuquerque, New Mexico

-- and --

J. Michael Roberts
Jason R. Scott
Shook Hardy & Bacon, LLP
Kansas City, Kansas

    *Attorneys for Third-Party Defendant Simplex Grinnell, LP*

Julie J. Vargas
Hunt & Davis, P.C.
Albuquerque, New Mexico

> *Attorneys for Third-Party Defendants David Born, Carl Davis, Lisa Davis,*
>   *Melissa Deaver-Rivera, Kathy Diklich, Roy Diklich, Joseph Forbess,*
>   *Lisa Forbess, Phyllis Galanthay, Ted Galanthay, Angela Nix, and Kent Nix*