**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WHEELER PEAK, LLC,
an Illinois limited liability company,

        Plaintiff,

vs.                                                                                                                   No. CIV 07-1117 JB/WDS

L.C.I.2, INC., a New Mexico Corporation,

        Defendant.

L.C.I.2, INC., a New Mexico Corporation,

        Counterclaimant,

vs.

WHEELER PEAK, LLC,
an Illinois limited liability company,
KMG, INC., an Illinois Corporation, and
KEITH GILES, an individual,

        Counter-Defendants.

L.C.I.2, INC., a New Mexico Corporation,

        Third-Party Plaintiff,

vs.

DONNER PLUMBING AND HEATING, INC.,
JC CONSTRUCTORS, INC., and DE LA
TORRE ARCHITECTS, P.A., A.I.A., and
Simplex Grinnell, LP, Melissa Deaver-Rivera,
Carl Davis and Lisa Davis, husband and wife,
David Borns, Roy Diklich and Kathy Diklich,
husband and wife, Kent Nix and Angela Nix,
husband and wife, Joseph Forbess and Lisa Forbess,
husband and wife, and Ted Galanthay and Phyllis Galanthay,
husband and wife,

        Third-Party Defendants.

DONNER PLUMBING AND HEATING, INC.,

   Third-Party Plaintiff,

vs.

PARKER EXCAVATING, INC.,

   Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on de la Torre Architects, P.A., A.I.A.'s Motion to Allow Continuation of Garlan Bryan's Deposition, filed September 2, 2009 (Doc. 354)("de la Torre's Motion"). The Court held a hearing November 23, 2009. The primary issue is whether the Court should continue the deposition of a party's expert witness where an opposing party, present for the deposition, did not cross-examine the expert witness because he did not receive prior notice that the deposition would be used at trial and had no opportunity to review the transcript of the deposition prior to cross-examining the expert witness. The Court, after careful review of the record and the parties' arguments, will deny Third-Party Defendant de la Torre Architects, P.A., A.I.A.'s Motion to Allow Continuation of Garlan Bryan's Deposition.

## PROCEDURAL BACKGROUND

Garlan Bryan is Defendant, Counter Claimant, and Third-Party Plaintiff L.C.I.2, Inc.'s architecture expert. See Defendant LCI2, Inc.'s Response to De La Torre Architects' Motion to Continue Deposition of Garlan Bryan at 2, filed September 21, 2009 (Doc. 368)("LCI2's Response"). Bryan developed cancer and underwent medical treatment, thereby delaying his deposition. See id. at 3; de la Torre's Motion ¶¶ 7, 9, at 3. De la Torre noticed Bryan for a

deposition, and the parties eventually conducted Bryan's deposition at his home on August 25-26, 2009.  See de la Torre's Motion ¶¶ 7 and 9, at 3.  For one complete day and an hour on the second day -- about seven hours total -- de la Torre examined Bryan; LCI2 examined Bryan for about two hours and ten minutes; and other parties also examined Bryan.  See LCI2's Response at 4.  After learning that Bryan "had reached an agreement with LCI2's counsel that he did not need to appear at trial and that his deposition would be used at trial," de la Torre "advised the parties that it wanted to obtain the transcript of Mr. Bryan's deposition and prepare an effective cross-examination before it was required to cross-examine Mr. Bryan for 'trial' purposes -- especially in light of the fact that the subject deposition was not a trial deposition."  De la Torre's Motion ¶¶ 10-11, at 3-4.  Even though two hours of deposition time remained, de la Torre's attorney "declined further examination."  LCI2's Response at 4.

On September 2, 2009, de la Torre filed its motion to allow continuation of Bryan's deposition.  See Doc. 354.  LCI2 filed its response on September 21, 2009.  See Doc. 368.  De la Torre filed its reply on September 29, 2009.  See de la Torre Architects' Reply in Support of its Motion to Allow Continuation of Garlan Bryan's Deposition (Doc. 379).  The Court held a hearing on de la Torre's motion on November 23, 2009.  See Clerk's Minutes at 1, filed November 23, 2009 (Doc. 433).

## LAW REGARDING DEPOSITIONS

Rule 30 of the Federal Rules of Civil Procedure provides:

> A party who wants to depose a person by oral questions must give reasonable written notice to every other party.  The notice must state the time and place of the deposition and, if known, the deponent's name and address.  If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

Fed. R. Civ. P. 30(b)(1).  "The examination and cross-examination of a deponent proceed as they

would at trial under the Federal Rules of Evidence, except Rules 103 [Rulings on Evidence] and 615 [Exclusion of Witnesses]." Fed. R. Civ. P. 30(c)(1).

>Rule 32 provides:
>
>At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>
>**(A)** the party was present or represented at the taking of the deposition or had reasonable notice of it;
>
>**(B)** it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>
>**(C)** the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 32(a)(1) (bold in original). "A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds **(A)** that the witness is dead . . . **(C)** that the witness cannot attend or testify because of age, illness, infirmity. . . ." Fed. R. Civ. P. 32(a)(4) (bold in original). The Court has broad discretion in determining whether a deposition may be used, and abuses its discretion if its determination results in fundamental unfairness. See Lear v. Equitable Life Assurance Soc'y, 798 F.2d 1128, 1135 (8th Cir. 1986).

## **ANALYSIS**

De la Torre contends that it is entitled to notice when another party takes a "trial" deposition of a witness. LCI2 argues that de la Torre's contention that it has the right to review the transcript before cross-examining a witness has no basis in law.

De la Torre contends that it is "entitled to notice if LCI2 is going to take a 'trial' deposition of Mr. Bryan." de la Torre's Motion ¶ 15, at 4. De la Torre states that it "advised the parties that it wanted to obtain the transcript of Mr. Bryan's deposition and prepare an effective cross-examination before it was required to cross-examine Mr. Bryan for 'trial' purposes -- especially in

light of the fact that the subject deposition was not a trial deposition." De la Torre's Motion ¶ 11, at 4. De la Torre supports its argument by citing to rule 30(b) for the proposition that a party "must give reasonable written notice" if it wants to take a deposition. De la Torre's Motion ¶ 15, at 4.

LCI2 asserts that de la Torre should not have another opportunity to depose Bryan. See Hearing Transcript at 221:3-5, 222:25-226:1 (taken November 23, 2009)("Tr.")(Fields),[1] De la Torre has already extensively deposed Bryan. De la Torre examined Bryan for one complete day and an hour of the second day for a total of about seven hours. See LCI2's Response at 4. De la Torre had the opportunity to cross-examine Bryan for about two more hours on August 26, 2009, after it knew that Bryan might not be at trial, but refused to do so. See id.

At trial, de la Torre will have an extensive deposition with which to work, and while it may not be as smooth as a trial cross examination, it should provide the jury with a lot of testimony relevant to de la Torre. LCI2 also points out that de la Torre already had Bryan's "substantial and lengthy expert report." Tr. at 221:21-23 (Fields). De la Torre was thus not deprived of the ability to conduct a sufficient deposition. Moreover, LCI2 stated both in its Response, see LCI2's Response ¶ 6, at 5, and at the November 23, 2009 hearing, see Tr. at 221:23-222:1 (Fields), that it would call Bryan as a witness at trial if he is available. LCI2 also indicated that Bryan agreed that LCI2 could call him as a live witness. See Tr. at 221:5, 221:11-13 (Fields).

The Federal Rules of Civil Procedure do not use the term "trial deposition." While practicing lawyers use the term, the Federal Rules do not distinguish between "trial" depositions and deposition for other purposes. Cf. Battle v. Mem'l Hosp. at Gulfport, 228 F.3d 544, 551 (5th Cir.

---

[1] The Court's citations to the transcript of the November 23, 2009 hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

2000)(citing <u>Savoie v. Lafourche Boat Rentals, Inc.</u>, 627 F.2d 722, 724 (5th Cir. 1980)(holding that nothing prohibits the use of discovery depositions at trial)).  The Court will not formally create a subcategory of depositions that the Federal Rules, which Congress has reviewed and declined to alter, have not created or recognized.[2]  De la Torre has not cited, nor has the Court found in its own research, any legal authority for the propositions that: (i) a party must give notice that it is going to take a "trial" deposition; or (ii) that  the law gives a party an opportunity to review a deposition transcript before cross-examining a deponent.  Given that de la Torre already had Bryan's expert report, the Court finds that de la Torre had a reasonable opportunity to effectively cross-examine Bryan.  If Bryan is available, he will testify at the trial, giving de la Torre another opportunity to cross-examine him.  The Court, finding no reason to continue Bryan's deposition, will deny de la Torre's motion.

**IT IS ORDERED** that de la Torre Architects, P.A., A.I.A.'s Motion to Allow Continuation

---

[2] The Federal Rules of Civil Procedure are initially drafted by an Advisory Committee and adopted by the Supreme Court of the United States.  <u>See</u> <u>Miss. Pub. Corp. v. Murphree</u>, 326 U.S. 438, 444 (1946)(referring to "[t]he fact that this Court promulgated the rules as formulated and recommended by the Advisory Committee"); 28 U.S.C. § 2072.  Before a given rule goes into effect, however, Congress has at least seven months in which to review and, if it so chooses, veto the rules that the Supreme Court proposes.

> The Supreme Court shall transmit to the Congress not later than May 1 of the year in which a rule prescribed under section 2072 is to become effective a copy of the proposed rule. Such rule shall take effect no earlier than December 1 of the year in which such rule is so transmitted unless otherwise provided by law.

28 U.S.C. § 2074.  <u>See</u> <u>Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.</u>, 498 U.S. 533, 552 (1991); <u>I.N.S. v. Chadha</u>, 462 U.S. 919, 935 n.9 (1983)(explaining that the Act of June 19, 1934 "gave Congress the opportunity to review the Rules before they became effective and to pass legislation barring their effectiveness if the Rules were found objectionable."); <u>Sibbach v. Wilson & Co.</u>, 312 U.S. 1, 14-15 (1941)(rejecting an argument that rules 35 and 37 were against Congressional policy, in part, because "the rules were submitted to the Congress so that that body might examine them and veto their going into effect if contrary to the policy of the legislature.").

of Garlan Bryan's Deposition is denied.

```
                              _____
                              UNITED STATES DISTRICT JUDGE
```

*Counsel*:

Donald A. Walcott
Holly Hart
Kris C. Knutson
Scheuer, Yost & Patterson
Santa Fe, New Mexico

    *Attorneys for Plaintiff and Counter-Defendant Wheeler Peak, LLC*

Scott P. Hatcher
Hatcher & Tebo, P.A.
Santa Fe, New Mexico

    *Attorneys for Proposed Intervenor-Plaintiffs American Hallmark Insurance Company of Texas and Clarendon National Insurance Company*

Alan Maestas
Lee Boothby
Maestas Baker Boothby & Warren, P.C.
Taos, New Mexico

-- and --

Tim L. Fields
Samuel L. Winder
Brian K. Nichols
Cristin M. Heyns
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant, Counterclaimaint, and Third-Party Plaintiff L.C.I.2, Inc.*

Todd Schwarz
H. Brook Laskey
Bryan Hatherly
Miller Stratvert, P.A.
Albuquerque, New Mexico

> *Attorneys for Third-Party Defendant and Third-Party Plaintiff
>    Donner Plumbing and Heating Inc.*

Robert J. Perovich
Mariposa Padilla Sivage
Tina Muscarella Gooch
Keleher & McLeod
Albuquerque, New Mexico

> *Attorneys for Third-Party Defendant De La Torre Architects, P.A., A.I.A.*

Steven L. Gonzales
Anita M. Kelley
Silva, Saucedo & Gonzales, P.C.
Albuquerque, New Mexico

> *Attorney for Third-Party Defendant Parker Excavating, Inc.*

Robert Bruce Collins
Holly R. Harvey
Law Office of Robert Bruce Collins
Albuquerque, New Mexico

> *Attorneys for Third-Party Defendant JC Constructors, Inc.*

Michael S. Jahner
Yenson, Lynn, Allen & Wosick, P.C.
Albuquerque, New Mexico

-- and --

J. Michael Roberts
Jason R. Scott
Shook Hardy & Bacon, LLP
Kansas City, Kansas

> *Attorneys for Third-Party Defendant Simplex Grinnell, LP*

Julie J. Vargas
Hunt & Davis, P.C.
Albuquerque, New Mexico

>   *Attorneys for Third-Party Defendants David Born, Carl Davis, Lisa Davis,*
>       *Melissa Deaver-Rivera, Kathy Diklich, Roy Diklich, Joseph Forbess,*
>       *Lisa Forbess, Phyllis Galanthay, Ted Galanthay, Angela Nix, and Kent Nix*