## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WHEELER PEAK, LLC,
an Illinois limited liability company,

       Plaintiff,

vs.                                                                    No. CIV 07-1117 JB/WDS

L.C.I.2, INC., a New Mexico Corporation,

       Defendant.

L.C.I.2, INC., a New Mexico Corporation,

       Counterclaimant,

vs.

WHEELER PEAK, LLC,
an Illinois limited liability company,
KMG, INC., an Illinois Corporation, and
KEITH GILES, an individual,

       Counter-Defendants.

L.C.I.2, INC., a New Mexico Corporation,

       Third-Party Plaintiff,

vs.

DONNER PLUMBING AND HEATING, INC.,
JC CONSTRUCTORS, INC., and DE LA
TORRE ARCHITECTS, P.A., A.I.A., and
Simplex Grinnell, LP, Melissa Deaver-Rivera,
Carl Davis and Lisa Davis, husband and wife,
David Borns, Roy Diklich and Kathy Diklich,
husband and wife, Kent Nix and Angela Nix,
husband and wife, Joseph Forbess and Lisa Forbess,
husband and wife, and Ted Galanthay and Phyllis Galanthay,
husband and wife,

       Third-Party Defendants.

DONNER PLUMBING AND HEATING, INC.,

       Third-Party Plaintiff,

vs.

PARKER EXCAVATING, INC.,

       Third-Party Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendant de la Torre Architects' Motion to Exclude Opinions and Testimony of Gregory Hicks, filed August 14, 2009 (Doc. 317)("de la Torre's motion").   The Court held a hearing November 23, 2009.  The primary issues are (i) whether Gregory Hicks is qualified to provide expert testimony on architectural issues; and (ii) whether the Court should strike Hicks' expert reports because of Hicks' failure to comply with the technical requirements of rule 26 of the Federal Rules of Civil Procedure and the deadline in the Court's Scheduling Order.  The Court, after careful review of the record and the parties' arguments, will grant in part and deny in part de la Torre Architects' Motion to Exclude Opinions and Testimony of Gregory Hicks.

## <u>PROCEDURAL BACKGROUND</u>

Plaintiff and Counter Defendant Wheeler Peak, LLC "retained registered architect Gregory Hicks to provide expert opinion testimony related to de la Torre's contract, design, the alleged delays and to provide the ultimate opinion that de la Torre's design fell below the standard of care for an architect."  De la Torre's motion at 2.  Hicks submitted his initial expert report on October 10, 2008, <u>see</u> de la Torre's motion at 3, which was the deadline for Wheeler Peak to provide expert reports, <u>see</u> Scheduling Order at 2, filed July 15, 2008 (Doc. 65).  Hicks submitted a supplemental report on November 24, 2008.  <u>See</u> de la Torre's motion at 3.  Hicks' deposition took place on June

22, 2009. <u>See</u> <u>id.</u>

De la Torre filed its motion to exclude Hicks' opinions and testimony on August 14, 2009. <u>See</u> Doc. 317.  In its motion, de la Torre argues that the Court should strike Hick's October 10, 2008 report because it did not comply with rule 26(a)(2)'s requirements and should strike Hick's supplemental opinions in his November 24, 2008 report because Hicks submitted the report after the October 10, 2008 deadline for submitting expert reports.  De la Torre also argues that Hick's opinions are not admissible because they are beyond the scope of his expertise and lack foundation. Wheeler Peak filed its response on September 8, 2009. <u>See</u> Doc. 357.  De la Torre filed its reply on October 6, 2009. <u>See</u> Doc. 389.

The Court held a hearing on de la Torre's Motion on November 23, 2009. <u>See</u> Clerk's Minutes at 1, filed November 23, 2009 (Doc. 433).  At the hearing, the Court heard de la Torre's, <u>see</u> Hearing Transcript at 28:19-44:19 and 52:15-54:9 (taken November 23, 2009)("Tr.")(Padilla-Sivage),[1] and Wheeler Peak's, <u>see</u> Tr. at 44:20-52:6 (Walcott), arguments.  The other parties declined to argue in favor of, or opposition to, the motion. <u>See</u> Tr. at 52:11-14 (Court).

At the beginning of the hearing, the Court informed the parties that "generally [the Court] do[es] not exclude an expert in a Daubert hearing unless [the Court] give[s] the proponent of the expert an opportunity to put [the expert] on the stand."  Tr. at 27:22-24 (Court). The Court then asked Wheeler Peak if it was comfortable with the Court deciding de la Torre's motion without Hicks being present or if it would prefer to bring Hicks in to testify. <u>See</u> Tr. at 27:25-28:9 (Court). Wheeler Peak indicated its decision to bring Hicks in would depend on how the Court is going to

---

[1]The Court's citations to the transcript of the November 23, 2009 hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

rule.  See Tr. at 28:10-11 (Walcott).  Near the end of the hearing and immediately before informing

the parties how the Court was inclined to rule, the Court stated to Wheeler Peak:  "Mr. Walcott, I'll

leave it to you.  If you want to present Mr. Hicks at some point, call Ms. Wild and we'll try to set

up another hearing and I'll listen to his testimony."  Tr. at 54:10-12.  Wheeler Peak has not

requested another hearing to present Hicks' testimony.

      The Court, referring to Hicks' opinions regarding delays, expressed its concern when an

expert says "the architect may have delayed the project" and asked Wheeler Peak:  "What value does

that have to the jury?"  Tr. at 50:8-12 (Court).  Wheeler Peak responded:  "That has no value, Your

Honor.  I agree with you."  Tr. at 50:13-14 (Walcott).  When the Court asked Wheeler Peak about

the basis for Hicks' opinion that "by providing documents that did not comply with regulatory

requirements, the architect further delayed the project,"  Tr. at 50:15-18 (Court), Wheeler Peak

agreed that Hicks' report does not provide a basis for that opinion but that Hicks testified to the basis

at length in his deposition, see Tr. at 51:19-21 (Walcott).

## LAW REGARDING EXPERT TESTIMONY

      Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to
> understand the evidence or to determine a fact in issue, a witness qualified as an
> expert by knowledge, skill, experience, training, or education, may testify thereto in
> the form of an opinion or otherwise, if (1) the testimony is based upon sufficient
> facts or data, (2) the testimony is the product of reliable principles and methods, and
> (3) the witness has applied the principles and methods reliably to the facts of the
> case.

Fed. R. Evid. 702.  Architects are experts within the scope of rule 702.  See Fed. R. Evid. 702

advisory committee's note ("[W]ithin the scope of the rule are not only experts in the strictest sense

of the word, e.g. physicians, physicists, and architects, but also the large group sometimes called

'skilled' witnesses, such as bankers or landowners testifying as to land values").

A party's disclosure of its expert witness "must be accompanied by a written report–prepared and signed by the witness."  Fed. R. Civ. P. 26(a)(2)(B).  The expert's written report must contain:

> (**i**) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (**ii**) the data or other information considered by the witness in forming them;
>
> (**iii**) any exhibits that will be used to summarize or support them;
>
> (**iv**) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (**v**) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
> (**vi**) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(bold in original).  "[A] district court can allow evidence violating Rule 26(a) only if the violation was justified or harmless."  Jacobsen v. Deseret Book Co., 287 F.3d 936, 952 (10th Cir. 2002).  When determining whether to allow evidence violating rule 26(a), "the court should consider the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."  Jacobsen v. Deseret Book Co., 287 F.3d at 952.

A party has a duty to supplement its expert's report "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure

was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

## ANALYSIS

De la Torre argues that: (i) the Court should strike Hick's October 10, 2008 report because it did not comply with rule 26(a)(2); (ii) the Court should strike Hick's opinions beyond those contained in his October 10, 2008 report for failure to comply with the Court's Scheduling Order; and (iii) the Court should find Hick's opinions are not admissible because they are beyond the scope of his expertise and lack foundation.  Wheeler Peak contends that: (i) any deficiencies in Hick's reports have been cured and there is no prejudice to de la Torre, (ii) disclosure of Hick's report after the Scheduling Order deadline did not prejudice de la Torre, and (iii) Hick's opinions meet the requirements for admissibility.

De la Torre contends that the Court should strike Hick's October 10, 2008 report because it (i) was not signed, (ii) does not contain a complete statement of the basis of his opinions, and does not properly identify the facts, documents, or testimony upon which he relied; (iii) does not identify any summarizing exhibits to be used at trial; and (iv) does not provide his curriculum vitae, or his qualifications, publications, or testimony, all of which rule 26 requires.  See de la Torre's motion at 5.  De la Torre also contends that the Court should strike Hick's supplemental opinions in his November 24, 2008 report for failure to comply with the Court's Scheduling Order.  See id. at 6-8.

The Court finds that there is very little, if any, prejudice to de la Torre because of Wheeler Peak's failure to comply with some of the disclosure requirements of rule 26 because: (i) Hicks has since provided a signed report, see Tr. at 54:21 (Court); (ii) Wheeler Peak made the two boxes of materials upon which Hicks relied available to de la Torre at Hicks' deposition, see Tr. at 49:19-50:4 (Walcott), and can make those materials available again if de la Torre wants to see them, see Tr. at 54:21-23, 56:14-19 (Court); (iii) Hicks produced his cv on June 22, 2009, see Wheeler Peak's

response at 2 (Doc. 357); and (iv) while Hicks submitted his second report about a month and a half after the deadline in the Court's Scheduling Order, de la Torre had Hicks' second report for almost seven months before Hicks' deposition.

The Court, having reviewed Hicks' reports and having considered de la Torre's arguments, both in its briefs and during the November 23, 2009 hearing, concludes that Hicks is qualified to testify on architectural issues and that his testimony regarding architectural issues will be helpful to the jury. De la Torre's arguments largely go to the strength of Hicks' opinions rather than to his qualifications and are more proper fodder for cross-examination rather than a sound basis for exclusion of his testimony. See Tr. at 27:10-20, 54:25-55:3 (Court).

Some of Hicks' opinions in his written report regard delays in the construction project. During the November 23, 2009 hearing, Wheeler Peak conceded that one of those opinions, number 3 on the top half of page 8 of Hicks' November 24, 2008 report, had no value for the jury. See Tr. at 50:13-14 (Walcott). Wheeler Peak also indicated that, while Hicks' report did not specify the basis for another of Hicks' opinions, number 4 on the top half of page 8 of Hicks' November 24, 2008 report, Hicks testified about the basis for that opinion at length in his deposition, see Tr. at 51:19-21 (Walcott). In his deposition, Hicks testified: "I would not hold myself out as an expert in construction delay." Vol. I Deposition of Gregory Hicks at 110:15-16 (taken June 22, 2009), filed August 14, 2009 (Doc. 317-7). Hicks also agreed in his deposition that he "[is] not going to be testifying at trial that the architect delayed the project," and that, regarding potential delays, he "ha[s] not] completed any kind of a history or analysis of what actually happened." Id. at 122:17-24, see Doc. 317-7 at 7.

Given that Hicks admits he is not an expert in construction delay and has not completed any delay analysis, the Court finds that his opinions regarding construction delay will not assist the jury

to understand the evidence or to determine facts in issue in this case. The Court will not allow Hicks to testify regarding the following opinions in his November 24, 2008 report:

(i)  The last eight words of opinion 3 on page 2 which read: "and any associated delays related to those systems;"

(ii)  Opinion 3 on the top half of page 8 which reads:  "By providing documents approximately seven months later than contractually agreed to, the Architect may have delayed the project;"

(iii)  Opinion 4 on the top half of page 8 which reads:  "By providing documents that did not comply with regulatory requirements, the Architect further delayed the project;"

(iv)  The first sentence of opinion 4 on page 15 which reads:  "LCI2 and its subcontractors, Donner and Metro, delayed the Architect's design of the Pump House by not providing timely design of the utility systems under their contracts;"

(v)  The last 10 words of the first sentence of opinion 5 on page 15 which reads:  "delaying design, permitting, functional operation, and a Certificate of Occupancy;" and

(vi)  Opinion 2 at the bottom of page 15 which reads:  "It needs to be determined if this event led to a delay or not."

**IT IS ORDERED** that de la Torre Architects' Motion to Exclude Opinions and Testimony of Gregory Hicks is granted in part and denied in part.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Donald A. Walcott
Holly Hart
Kris C. Knutson
Scheuer, Yost & Patterson
Santa Fe, New Mexico

     *Attorneys for Plaintiff and Counter-Defendant Wheeler Peak, LLC*

Scott P. Hatcher
Hatcher & Tebo, P.A.
Santa Fe, New Mexico

     *Attorneys for Proposed Intervenor-Plaintiffs American Hallmark Insurance Company of Texas and Clarendon National Insurance Company*

Alan Maestas
Lee Boothby
Maestas Baker Boothby & Warren, P.C.
Taos, New Mexico

-- and --

Tim L. Fields
Samuel L. Winder
Brian K. Nichols
Cristin M. Heyns
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

     *Attorneys for Defendant, Counterclaimaint, and Third-Party Plaintiff L.C.I.2, Inc.*

Todd Schwarz
H. Brook Laskey
Bryan Hatherly
Miller Stratvert, P.A.
Albuquerque, New Mexico

     *Attorneys for Third-Party Defendant and Third-Party Plaintiff Donner Plumbing and Heating Inc.*

Robert J. Perovich
Mariposa Padilla Sivage
Tina Muscarella Gooch
Keleher & McLeod
Albuquerque, New Mexico

 *Attorneys for Third-Party Defendant De La Torre Architects, P.A., A.I.A.*

Steven L. Gonzales
Anita M. Kelley
Silva, Saucedo & Gonzales, P.C.
Albuquerque, New Mexico

 *Attorney for Third-Party Defendant Parker Excavating, Inc.*

Robert Bruce Collins
Holly R. Harvey
Law Office of Robert Bruce Collins
Albuquerque, New Mexico

 *Attorneys for Third-Party Defendant JC Constructors, Inc.*

Michael S. Jahner
Yenson, Lynn, Allen & Wosick, P.C.
Albuquerque, New Mexico

-- and --

J. Michael Roberts
Jason R. Scott
Shook Hardy & Bacon, LLP
Kansas City, Kansas

 *Attorneys for Third-Party Defendant Simplex Grinnell, LP*

Julie J. Vargas
Hunt & Davis, P.C.
Albuquerque, New Mexico

 *Attorneys for Third-Party Defendants David Born, Carl Davis, Lisa Davis,*
  *Melissa Deaver-Rivera, Kathy Diklich, Roy Diklich, Joseph Forbess,*
  *Lisa Forbess, Phyllis Galanthay, Ted Galanthay, Angela Nix, and Kent Nix*