**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WHEELER PEAK, LLC,
an Illinois limited liability company,

        Plaintiff,

vs.                                                                                                                                                    No. CIV 07-1117 JB/WDS

L.C.I.2, INC., a New Mexico Corporation,

        Defendant.

L.C.I.2, INC., a New Mexico Corporation,

        Counterclaimant,

vs.

WHEELER PEAK, LLC,
an Illinois limited liability company,
KMG, INC., an Illinois Corporation, and
KEITH GILES, an individual,

        Counter-Defendants.

L.C.I.2, INC., a New Mexico Corporation,

        Third-Party Plaintiff,

vs.

DONNER PLUMBING AND HEATING, INC.,
JC CONSTRUCTORS, INC., and DE LA
TORRE ARCHITECTS, P.A., A.I.A., and
Simplex Grinnell, LP, Melissa Deaver-Rivera,
Carl Davis and Lisa Davis, husband and wife,
David Borns, Roy Diklich and Kathy Diklich,
husband and wife, Kent Nix and Angela Nix,
husband and wife, Joseph Forbess and Lisa Forbess,
husband and wife, and Ted Galanthay and Phyllis Galanthay,
husband and wife,

        Third-Party Defendants.

DONNER PLUMBING AND HEATING, INC.,

   Third-Party Plaintiff,

vs.

PARKER EXCAVATING, INC.,

   Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Third-Party Defendant SimplexGrinnell LP's Motion to Exclude Expert Opinions and Testimony of Gregory Hicks, filed August 14, 2009 (Doc. 320)("SimplexGrinnell's motion"). The Court held a hearing November 23, 2009. The primary issue is whether an expert witness in architecture can testify which party is liable and which party is not liable for the failure of a fire sprinkler system. The Court, after careful review of the record and the parties' arguments, will grant in part and deny in part SimplexGrinnell's Motion to Exclude Expert Opinions and Testimony of Gregory Hicks.

## FACTUAL BACKGROUND

Defendant, Counterclaimant, and Third-Party Plaintiff L.C.I.2, Inc. entered into an agreement with Plaintiff Wheeler Peak, LLC to construct condominiums in Taos Ski Valley, New Mexico. See Third Amended Third-Party Complaint for Damages for Breach of Contract; Contractual Indemnification; Professional Negligence; Negligent Misrepresentation; Comparative Negligence (Fault) Breach of Implied Warranties, Equitable Indemnification; and Contribution ¶ 6, at 3, filed December 17, 2008 (Doc. 139). LCI2 entered into a subcontract with Third-Party Defendant SimplexGrinnell, LP wherein SimplexGrinnell agreed to furnish all material, labor, and equipment necessary to complete all fire sprinkler work per the plan to the satisfaction of the owner,

architect, and general contractor.  See id. ¶ 27, at 6.

## PROCEDURAL BACKGROUND

Wheeler Peak submitted two expert reports, one dated October 10, 2008 and the other dated December 24, 2008, written by Gregory Hicks, a licensed architect.  See SimplexGrinnell's motion at 2, 4.  In those reports, Hicks opines that SimplexGrinnell's design and installation of the fire sprinkler system at the Wheeler Peak Condominium Complex "fell below the applicable standard of care and, therefore, SimplexGrinnell is liable for all the damage caused by freezing sprinkler lines and sprinkler heads."  Id. at 2-3.

After Wheeler Peak submitted Hicks' October 10, 2008 report, LCI2 filed a motion to amend its second amended third-party complaint to add SimplexGrinnell to the lawsuit.  See LCI2, Inc.'s Motion for Leave to Amend Second Amended Third Party Complaint Against Simplex Grinnell, LP ¶ 12, at 4, filed December 11, 2008 (Doc. 131).  The Court granted LCI2's motion.  See Stipulated Order Regarding Motion for Leave to Amend Second Amended Third Party Complaint Against Simplex Grinnell, LP at 2, filed December 16, 2008 (Doc. 135).  LCI2 filed its third amended complaint on December 17, 2009.  See Doc. 139.

On August 14, 2009, after Hicks' deposition, SimplexGrinnell filed its motion to exclude Hicks' expert opinions and testimony.  See SimplexGrinnell's motion at 2.  SimplexGrinnell contends that  Hicks is not qualified to provide opinions on the design and installation of fire sprinkler systems. See id. at 3.  Wheeler Peak filed its response on September 9, 2009.  See Plaintiff Wheeler Peak, LLC's Response to Third-Party Defendant SimplexGrinell [sic] LP's Motion to Exclude Expert Opinions and Testimony of Gregory Hicks (Doc. 359).  SimplexGrinnell filed its Reply in Support of its Motion to Exclude Expert Opinions and Testimony of Gregory Hicks on September 28, 2009.  See Doc. 377.

The Court held a hearing on SimplexGrinnell's motion on November 23, 2009.  See Clerk's Minutes at 1, filed November 23, 2009 (Doc. 433).  At the hearing, SimplexGrinnell and Wheeler Peak presented their arguments to the Court.  See Hearing Transcript at 71:20-80:6-9 and 83:4-87:12-14 (taken November 23, 2009)("Tr.")(Scott); id. at 80:16-82:25 (Walcott).[1]  The other parties declined to argue in favor of, or opposition to, the motion.  See Tr. at 80:12-14 (Perovich).

## LAW REGARDING EXPERT TESTIMONY

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  Architects are experts within the scope of rule 702.  See Fed. R. Evid. 702 advisory committee's note ("[W]ithin the scope of this rule are not only experts in the strictest sense of the word, e.g. physicians, physicists, and architects, but also the large group sometimes called 'skilled' witnesses, such as bankers or landowners testifying to land values.").  An expert must possess a verifiable expertise in the subject matter for which he or she seeks to testify.  See  Fed. R. Evid. 702.  The expert is also "required to possess such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth."  LifeWise Master Funding v. Telebank, 374 F.3d 917, 928 (10th Cir. 2004).

---

[1]The Court's citations to the transcript of the November 23, 2009 hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

## ANALYSIS

SimplexGrinnell contends that Hicks is not qualified to offer expert opinions on the design and installation of fire sprinkler systems.[2] Wheeler Peak argues that interpreting code requirements, reading documents, observing site conditions, and using deductive reasoning to determine how a problem arose are what architects do and, therefore, are within an architect's expertise.

SimplexGrinnell argues that, because Hicks has no formal education, no training, and no experience as a fire-protection engineer, see Tr. at 72:2-20 (Scott), Hicks is not qualified to offer opinions about a fire-protection engineer's standard of care and whether there was a breach of that standard of care, see Tr. at 83:9-15 (Scott). SimplexGrinnell points to Hicks' opinion number two on page 4 of 16 in Hicks' report, which states:

> Simplex-Grinnell, through proper written channels up the chain of command to LCI2, should have informed the Architect of the change, irrespective of the reason for the change. The Architect was contractually not responsible for the design of the fire sprinkler system, whether it was dry or wet, per the Standard Form of Agreement Between Owner and Architect. LCI2 was responsible for the design of the system per the Standard Form of Agreement Between Owner and Architect and with its own contract with the Owner. Since the Architect was not responsible for the design of the system, it cannot be held liable for the failures of the system.

Doc. 320-3 at 5. The only portion of this opinion to which SimplexGrinnell objects is where Hicks provides his opinion as to what SimplexGrinnell should have done. See Tr. at 84:12-15 (Scott).

SimplexGrinnell also objects to opinion four on page 5 of 16 in Hicks' report, which states:

> Simplex-Grinnell should have designed and installed a freeze-proof system in the initial design and installation in accordance with NFPA13 and NFPA 13R. Simplex-

---

[2] SimplexGrinnell also argues that the Court should also exclude Hicks' opinions because Hicks failed to comply with rule 26(a)(2) of the Federal Rules of Civil Procedure. See SimplexGrinnell's motion at 2. The Court has previously ruled that it would not exclude Hicks' opinions as a result of his failure to comply with rule 26(a)(2) because Hick's noncompliance with rule 26(a)(2) caused very little prejudice. See Memorandum Opinion and Order at 6-7, filed January 31, 2010 (Doc. 501).

> Grinnell failed to do so. Simplex-Grinnell is liable for lines and heads freezing, all subsequent damages, and for installing a system not suitable for this project in its harsh climate.

Doc. 320-3 at 6. SimplexGrinnell contends that this opinion amounts to nothing more than the ipse dixit of the expert because Hicks did not review any of the fire sprinkler plans or drawings. See Tr. at 85:4-87:11 (Scott). SimplexGrinnell further contends that Hicks "admitted to having an incomplete understanding of the code regulating the installation of fire sprinkler systems." SimplexGrinnell's motion at 7.

The Court, having heard the parties' arguments, and having read the briefs, Hick's report and deposition transcript, concludes that Hicks: (i) may not testify about the standard of care for engineers; (ii) may not testify that SimplexGrinnell is liable and that the architect is not liable for the failure of the fire sprinkler system; (iii) may testify who had the responsibility for the design of the fire sprinkler system based on his review of the documents; and (iv) may testify that there was a need for a fire sprinkler system that dealt with the cold conditions and complied with NFPA13 and NFPA13R, but cannot testify about being an expert in NFPA13 and NFPA13R or what the alternatives were.

**IT IS ORDERED** that SimplexGrinnell's Motion to Exclude Expert Opinions and Testimony of Gregory Hicks is granted in part and denied in part.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Donald A. Walcott
Holly Hart
Kris C. Knutson
Scheuer, Yost & Patterson
Santa Fe, New Mexico

> *Attorneys for Plaintiff and Counter-Defendant Wheeler Peak, LLC*

Scott P. Hatcher
Hatcher & Tebo, P.A.
Santa Fe, New Mexico

> *Attorneys for Proposed Intervenor-Plaintiffs American Hallmark Insurance Company of Texas and Clarendon National Insurance Company*

Alan Maestas
Lee Boothby
Maestas Baker Boothby & Warren, P.C.
Taos, New Mexico

-- and --

Tim L. Fields
Samuel L. Winder
Brian K. Nichols
Cristin M. Heyns
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

> *Attorneys for Defendant, Counterclaimaint, and Third-Party Plaintiff L.C.I.2, Inc.*

Todd Schwarz
H. Brook Laskey
Bryan Hatherly
Miller Stratvert, P.A.
Albuquerque, New Mexico

> *Attorneys for Third-Party Defendant and Third-Party Plaintiff Donner Plumbing and Heating Inc.*

Robert J. Perovich
Mariposa Padilla Sivage
Tina Muscarella Gooch
Keleher & McLeod
Albuquerque, New Mexico

    *Attorneys for Third-Party Defendant De La Torre Architects, P.A., A.I.A.*

Steven L. Gonzales
Anita M. Kelley
Silva, Saucedo & Gonzales, P.C.
Albuquerque, New Mexico

    *Attorney for Third-Party Defendant Parker Excavating, Inc.*

Robert Bruce Collins
Holly R. Harvey
Law Office of Robert Bruce Collins
Albuquerque, New Mexico

    *Attorneys for Third-Party Defendant JC Constructors, Inc.*

Michael S. Jahner
Yenson, Lynn, Allen & Wosick, P.C.
Albuquerque, New Mexico

-- and --

J. Michael Roberts
Jason R. Scott
Shook Hardy & Bacon, LLP
Kansas City, Kansas

    *Attorneys for Third-Party Defendant Simplex Grinnell, LP*

Julie J. Vargas
Hunt & Davis, P.C.
Albuquerque, New Mexico

    *Attorneys for Third-Party Defendants David Born, Carl Davis, Lisa Davis,*
      *Melissa Deaver-Rivera, Kathy Diklich, Roy Diklich, Joseph Forbess,*
      *Lisa Forbess, Phyllis Galanthay, Ted Galanthay, Angela Nix, and Kent Nix*