# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WHEELER PEAK, LLC,
an Illinois limited liability company,

        Plaintiff,

vs.                                                                                                               No. CIV 07-1117 JB/WDS

L.C.I.2, INC., a New Mexico Corporation,

        Defendant.

L.C.I.2, INC., a New Mexico Corporation,

        Counterclaimant,

vs.

WHEELER PEAK, LLC,
an Illinois limited liability company,
KMG, INC., an Illinois Corporation, and
KEITH GILES, an individual,

        Counter-Defendants.

L.C.I.2, INC., a New Mexico Corporation,

        Third-Party Plaintiff,

vs.

DONNER PLUMBING AND HEATING, INC.,
JC CONSTRUCTORS, INC., and DE LA
TORRE ARCHITECTS, P.A., A.I.A., and
Simplex Grinnell, LP, Melissa Deaver-Rivera,
Carl Davis and Lisa Davis, husband and wife,
David Borns, Roy Diklich and Kathy Diklich,
husband and wife, Kent Nix and Angela Nix,
husband and wife, Joseph Forbess and Lisa Forbess,
husband and wife, and Ted Galanthay and Phyllis Galanthay,
husband and wife,

        Third-Party Defendants.

DONNER PLUMBING AND HEATING, INC.,

       Third-Party Plaintiff,

vs.

PARKER EXCAVATING, INC.,

       Third-Party Defendant.

## ORDER

**THIS MATTER** comes before the Court on Third-Party Defendant de la Torre Architects' Motion in Limine to Limit Keith Giles' Testimony, filed August 14, 2009 (Doc. 318). The Court held a hearing November 23, 2009. The primary issues are (i) whether Keith Giles is qualified to provide expert testimony on the standard of care for architects; and (ii) whether Giles is qualified to provide expert testimony regarding delay damages. Third-Party Defendant de la Torre Architects, P.A., A.I.A., argues that Giles is not qualified to testify as an expert as to either the standard of care for architects, because he is not an architect, or delay damages, because he is not sufficiently experienced in "critical path scheduling." See Motion at 3-6. Plaintiff and Counter-Defendant Wheeler Peak, LLC argues that Giles need not be an architect to testify to the standard of care in this case, because the factual issues are within the ken of laypersons. See Plaintiff Wheeler Peak, LLC's Response to de la Torre Architects' Motion in Limine to Limit Keith Giles' Testimony at 4-6, filed September 17, 2009 (Doc. 367)("Response"). Wheeler Peak also argues that Giles does not need experience with "critical path scheduling software," because the "Critical Path Methodology" ("CPM") was not used on this construction project, so such method of calculating delay damages would be ineffectual. See Response at 7. At the hearing, Donald Walcott, attorney for Wheeler Peak, explained that the scope of Giles' testimony would be limited primarily to facts relating to the underlying contract and its performance, and insisted that if Giles' testimony roamed into issues

-2-

such as the standard of care for an architect, the Defendants could object. See Transcript of Hearing at 63:12-69:16 (taken November 23, 2009)(Court, Walcott, Gooch). The Court will grant the motion in part and deny it in part. New Mexico law appears to hold that architects are professionals and that expert testimony is generally required to establish the architect's professional standard of care. See Adobe Masters, Inc. v. Downey, 118 N.M. 547, 548-49, 883 P.3d 133, 134-35 (1994)(referring to an architect as a "design professional" and discussing claims against him in terms of professional malpractice). Accordingly, the Court will not allow Giles to testify about an architect's general standard of care. Further, the Court will not allow Giles to testify as to CPM, with which Wheeler Peak concedes that he has no experience. The Court will, however, allow Giles to testify about what went wrong on the project, why he believes the project went wrong, and whom he believes was responsible for the delay of that work.

**IT IS ORDERED** that Third-Party Defendant de la Torre Architects' Motion in Limine to Limit Keith Giles' Testimony is granted in part and denied in part. The Court will not allow Giles to testify as to the general standard of care for architects, but it will allow him to testify as to whom he believes was responsible for what delays so long as he avoids testimony regarding "CPM."

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Donald A. Walcott
Holly Hart
Kris C. Knutson
Scheuer, Yost & Patterson
Santa Fe, New Mexico

    *Attorneys for Plaintiff and Counter-Defendant Wheeler Peak, LLC*

Scott P. Hatcher
Hatcher & Tebo, P.A.
Santa Fe, New Mexico

> *Attorneys for Proposed Intervenor-Plaintiffs American Hallmark Insurance Company of Texas and Clarendon National Insurance Company*

Alan Maestas
Lee Boothby
Maestas Baker Boothby & Warren, P.C.
Taos, New Mexico

-- and --

Tim L. Fields
Samuel L. Winder
Brian K. Nichols
Cristin M. Heyns
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

> *Attorneys for Defendant, Counterclaimaint, and Third-Party Plaintiff L.C.I.2, Inc.*

Todd Schwarz
H. Brook Laskey
Bryan Hatherly
Miller Stratvert, P.A.
Albuquerque, New Mexico

> *Attorneys for Third-Party Defendant and Third-Party Plaintiff Donner Plumbing and Heating Inc.*

Robert J. Perovich
Mariposa Padilla Sivage
Tina Muscarella Gooch
Keleher & McLeod
Albuquerque, New Mexico

> *Attorneys for Third-Party Defendant De La Torre Architects, P.A., A.I.A.*

Steven L. Gonzales
Anita M. Kelley
Silva, Saucedo & Gonzales, P.C.
Albuquerque, New Mexico

    *Attorney for Third-Party Defendant Parker Excavating, Inc.*

Robert Bruce Collins
Holly R. Harvey
Law Office of Robert Bruce Collins
Albuquerque, New Mexico

    *Attorneys for Third-Party Defendant JC Constructors, Inc.*

Michael S. Jahner
Yenson, Lynn, Allen & Wosick, P.C.
Albuquerque, New Mexico

-- and --

J. Michael Roberts
Jason R. Scott
Shook Hardy & Bacon, LLP
Kansas City, Kansas

    *Attorneys for Third-Party Defendant Simplex Grinnell, LP*

Julie J. Vargas
Hunt & Davis, P.C.
Albuquerque, New Mexico

    *Attorneys for Third-Party Defendants David Born, Carl Davis, Lisa Davis,*
      *Melissa Deaver-Rivera, Kathy Diklich, Roy Diklich, Joseph Forbess,*
      *Lisa Forbess, Phyllis Galanthay, Ted Galanthay, Angela Nix, and Kent Nix*